[No. 5287.]
[No. 2919 C. A.]

## MILLARD ET AL. v. MILLER.

**1. Torts—Parties—Joint or Several Liability—Joiner of Defend-**
**ants.**

Where two parties, acting separately, appropriated to their
respective use certain pastures belonging to plaintiff, the lia-
bility, if any, against them is several, and must be availed of, if
at all, in separate actions.—P. 104.

**2. Same—Statutory Construction.**

Mills' Ann. Code, § 13, providing that persons jointly or sev-
erally liable upon the same "obligation or instrument," may be
included in the same action, does not apply to an action against
two persons, who, acting separately, deprive plaintiff of what
belongs to him by the terms of a lease, as they are in no sense
liable jointly or severally as contemplated in such section.—P. 106.

*Appeal from the County Court of Costilla County.*
*Hon. W. R. Pyke, Judge.*

Action by E. F. Miller against Charles Millard
and Frank Millard.    From a judgment for plaintiff,
defendants appeal.        *Reversed and remanded.*

Mr. IRA J. BLOOMFIELD, for appellants.

Mr. J. W. SHIELDS, for appellee.

The appellee, plaintiff below, instituted this suit
before a justice of the peace to recover from appel-
lants the value of certain pasturage claimed to have
been wrongfully taken and appropriated by them.
From a judgment for $100, defendants appealed to
the county court.   Upon the trial in the county court,
the evidence disclosed the following facts:

On the 12th day of December, 1900, H. J. Heck-
ler leased to the plaintiff the southwest quarter and
the northeast quarter of section 19, and the north-
east quarter of section 29, in township 40, range 10,
until March 1, 1904.   The lease, *inter alia*, con-

tained the following provision: ''Not subject to re-lease without consent of first party, and subject to sale of land at any time. If there is no crop in the land when sold, party of the second part agrees to take one dollar for plowing and ten cents an acre for harrowing. * * * He further agrees to farm the land in a workman-like manner, * * * and to give to party of first part two-fifths of all the grain raised; and further agrees to deliver said grain in the granaries on said land free of all expenses to first party.''

In April, 1902, Heckler sold and conveyed the land in section 19 to Charles Millard, and the land in section 29 to Mrs. Katherine Millard. The plaintiff went on and seeded the land in 1902, and when he had cut and threshed the crop he delivered to Charles the rent grain from section 19, and to Frank Millard the rent grain from section 29. Thereafter Charles Millard appropriated to his own use the pasture on section 19, and Frank appropriated to his use the pasture on section 29. The trial court rendered judgment against Charles Millard for $100, and against Frank Millard for $40, and judgment against both for costs. From this judgment the defendants prosecute this appeal.

Mr. JUSTICE GODDARD delivered the opinion of the court:

Whether the plaintiff is entitled to recover the full value of these respective pastures from the de-fendants in a proper action depends upon the con-struction to be given to the terms of the lease which we think, under the circumstances, remained in force between these parties for that year. That the plain-tiff is not entitled to any relief in this action is too plain to admit of controversy. The liability, if any, against these defendants is several, and must be

availed of, if at all, in separate actions. In appropriating the use of the respective pastures, they acted separately. There was no co-operation between them, or community in the wrong-doing alleged, and therefore under the well settled rule they cannot be sued jointly.

At page 562, subdivision b, 15 Enc. Pl. & Pr., the doctrine on this subject is concisely stated as follows: "Persons who act severally and independently, each causing a separate and distinct injury, cannot be sued jointly, even though the injuries may have been precisely similar in character and inflicted at the same time. A joint tort is essential to the maintenance of a joint action. For separate and distinct wrongs in no wise connected by the ligament of a common purpose, actual or implied by law, the wrong-doers are liable only in separate actions, and not jointly in the same action."

Mr. Pomeroy, in his work on Code Remedies (4th ed.), at section 209, after stating the general rule to the effect that those who have united in the commission of a tort are liable to the injured party without any restriction upon his choice of defendants against whom he may proceed, says:

"In order, however, that the general rule thus stated should apply, and a union of wrong-doers in one action should be possible, there must be some *community* in the wrong-doing among the parties who are to be united as co-defendants; the injury must in some sense be their *joint* work. It is not enough that the injured party has on certain grounds a cause of action against one, for the physical tort done to himself or his property, and has, on entirely different grounds, a cause of action against another for the same physical tort; there must be something more than the existence of two separate causes of action for the same act or default, to enable him to

join the two parties liable in the single action. This principle is of universal application."

We cannot agree with the view of the court below that section 13 of the code permits a recovery of several judgments against the defendants in this action. While the acts complained of may have been a violation of the plaintiff's rights under the lease, and the invasion of such rights constitute his cause of action, the defendants are answerable only for their separate and individual acts that deprive plaintiff of what belongs to him by the terms of the lease, and are in no sense liable jointly or severally upon an "obligation or instrument" as contemplated in this section.

For the foregoing reasons, the judgment is reversed and the cause remanded, with directions to dismiss the action.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.