# SUPREME COURT

OF THE

# STATE OF COLORADO.

## January Term, 1908.

[No. 5393.]
[No. 3046 C. A.]

MEAD v. THE PH. ZANG BREWING COMPANY.

1. Negligence — Personal Injuries — Dangerous Premises — Liability.

Plaintiff was injured by a trick stairway used in connection with a saloon leased and conducted by H., who held a federal license, the city license being held by a brewing company, which held a chattel mortgage on the fixtures with a condition attached that H. should purchase all his beer from the company, but with no other interest in or control over the business or premises. Held, that the brewing company was not liable for such injuries.—P. 3.

2. Torts—Joint Liability—Requisites.

In order to render persons jointly liable for a tort, it must appear in some way that it was the result of their joint action, or joint neglect of duty.—P. 4.

3. Same.

The fact that two persons may be violating the law in reference to a license for a saloon conducted exclusively by one of them, does not create a civil liability against them jointly, except for the results naturally following such violation.—P. 4.

*Error to the District Court of the City and County of Denver.*
*Hon. Peter L. Palmer, Judge.*

Action by Marcus S. Mead against The Ph. Zang Brewing Company and John Hall. From a judgment in favor of defendant company, plaintiff brings error.                                      *Affirmed.*

Mr. Jerry A. Lovell and Mr. Jno. F. Mail, for plaintiff in error.

Messrs. Wolcott, Vaile & Waterman and Mr. H. H. Dunham (Mr. Wm. W. Field, of counsel), for defendant in error.

Plaintiff in error sustained personal injuries by being thrown down, or falling from, a trick stairway located in the premises known as 919 Seventeenth street, in the city of Denver. At that time the place was being conducted as a saloon. He brought suit against John Hall and The Ph. Zang Brewing Company, to recover damages, claiming that the saloon was being conducted by these defendants when he was injured. According to the testimony, Hall had purchased the fixtures from one O'Grady, subject to a mortgage thereon to the brewing company, for the sum of fifteen hundred dollars. He gave the company a mortgage for this amount, one of the conditions of which was that he should purchase no beer for sale in the saloon except from it. The premises were leased by Hall, and he paid the rent. The government license, authorizing the sale of liquors in these premises, was secured by him and stood in his

name, while the license from the city for the same purpose stood in the name of the brewing company. The latter had no interest in the business whatever, or any control over it. It was conducted by Hall, and was entirely under his management. At the conclusion of the testimony, plaintiff in error requested an instruction to the effect that the fact that the city license for the sale of intoxicating liquors on the premises stood in the name of the brewing company, was conclusive proof that the saloon was owned by, and under the control of, that company. This request was refused, the court instructing the jury to the effect that the mere fact that the city license was in the name of the company did not render it liable to the plaintiff, and directed the jury to return a verdict in favor of the brewing company. Plaintiff brings the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The only question presented for our consideration is the ruling of the court, refusing the instruction requested, and in directing the jury to return a verdict for the brewing company. The brewing company was not the lessee of the premises, and had no control thereover whatsoever. The fact that the license stood in its name would be competent to prove that it was interested in, or was conducting, the saloon, but not conclusive on that question in the face of the other undisputed testimony bearing on the subject of who was the owner of the saloon, or was, in fact, conducting it. Hall was the lessee, and conducted the business therein in his own name, and entirely in his own interest. Both these questions of fact are established beyond dispute by the testimony. In short, it appears that the saloon was his, conducted by him, and that the brewing company had no

control whatever over the premises in which plaintiff was injured. A person is not responsible for injuries sustained by another through a device which he has neither constructed nor maintains, and over which he has no control. In order to render persons jointly liable for a tort, it must appear in some way that it was the result of their joint action, or joint neglect of duty.

It may be true, as contended by counsel for plaintiff, that Hall had no right to conduct the saloon without a license from the city authorities; but be that as it may, the fact that a license to conduct the saloon in the premises occupied by him stood in the name of the brewing company would not, in the face of the undisputed testimony in this case, create a relationship between the company and himself, which would make the company responsible for his acts. Both may have been violating the law with respect to a license, but a violation of the law does not create a civil liability except for the results naturally following such violation.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.