[No. 6448.]

## LEWIN V. THE PEOPLE.

CRIMINAL LAW—*Intoxicating Liquors—Illegal Sale—Who Chargeable*—One is not to be charged with the sale of intoxicating liquors, on Sunday, at a licensed tipping house, in violation of the statute, merely because the license issued to the tipping house was issued in his name, and so still stood of record, at the time of the commission of the offense.  If in fact he had assigned the license, and had no control of, or connection with, the place, he is not chargeable, even though the license was not in law assignable—(139).

The fact that the license issued to him, and stands in his name, is competent evidence to prove his connection with the place, but is not conclusive—(139, 140).

*Error to Denver County Court*—HON. GRANT L. HUDSON, Judge.

Mr. ALFRED MULLER, Mr. GUY K. BREWSTER and Mr. H. H. HINDRY for plaintiff in error.

HON. BENJAMIN GRIFFITH, attorney general, Mr. GEORGE D. TALBOT, for the people.

Plaintiff in error, defendant below, was charged with violating the statute relating to the sale of liquors on Sunday—§ 1346d, Mills' Stats., Rev. Supp. He pleaded not guilty. The trial was to the court. The testimony established that the saloon named in the information, located at 2400 Larimer Street, in the City and County of Denver, was open on Sunday, and liquor sold therein. The testimony on behalf of the defendant was, that he had sold this saloon to The Louisville Liquor Company something like two years previous to the date of the alleged violation of the law, at which time he transferred his license to sell liquor at that place to the purchaser, and since that date had not been connected with the saloon in any capacity whatever. In transferring his license the defendant used the regular form of blank provided for such transfers by the Fire and Police Board. This transfer was lost, but it appears that the defendant was not aware of the fact that the license still stood in his name until about two weeks prior to the violation of the law, as charged, occurred, when he made out another transfer, in accordance with the rules and requirements of the Fire and Police Board. It appears, however, that at the time of the alleged violation of the law the license to sell liquor at the saloon in question still stood in his name.

The trial court adjudged the defendant guilty upon the theory that the mere fact that the license issued for the saloon named in the information was in his name when the law was violated rendered him criminally responsible for the violation of the law at that place, as charged, irrespective of whether or not he had any in-

terest in or control over it.   Upon this subject the trial court said:

"No matter whether he be the owner of the place or not, if the license stands in his name, he stand before and between the people of the State of Colorado and its officers, and guarantees the lawful operation of that place."

"It is not necessary, in order to convict a man, that a saloon shall be owned by the defendant.   In the opinion of this court, if the license stands in his name, he thereby is a guarantor to the people of the State of Colorado as to the conduct of the affairs of that saloon, and he is responsible for any violations of the law."

Other rulings were made by the trial court from which it appears, beyond question, that defendant was adjudged guilty because the license stood in his name, and that the testimony bearing on the subject of sale and transfer was entirely ignored, and expressly regarded as immaterial.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The judgment of the trial court was not based upon facts determined from conflicting evidence, as contended by counsel for the People, but upon a misconception of the law relative to the facts necessary to establish in order to justify the conviction of the defendant.   He could not be convicted of the violation of the law charged unless it appeared that he was the owner, or in control of, or at least connected in some capacity with the saloon in question.   The trial court expressly ignored these vital questions of fact, and found the defendant guilty solely on the ground that the license stood in his name.   This was error.   That the license stood in the name of the defendant was competent to prove that he was connected with the saloon in such capacity as would render him amenable for

the violation of the law as charged, but not conclusive of that question, as ruled below, in the face of the testimony that he had sold the place two years previous, and since that date had not been interested or engaged in, or connected with, it in any capacity whatever.— *Mead v. Ph. Zang Brewing Co.*, 43 Colo. 1.

On behalf of the people it is urged that a license to sell liquor is a personal privilege, and cannot be assigned or transferred. This question is not involved. It might be material to consider in a case where the assignee of a license was being prosecuted for selling without a license.

The judgment of the County Court is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.