## No. 9086.

## LARIMER AND WELD IRRIGATION COMPANY *v.* WALKER.

1. IRRIGATION—*Overflowing Stream.*   Under the statute (Rev. Stat. sec. 3202) a natural stream may be used for conveying appropriated water, but one so using the stream must make sure that the flow does not rise above the danger point.

Where several irrigating companies operate their properties together, and substantially as one, each is liable for injuries occasioned by an overflow in a stream, due to one of those so associated.

2. IRRIGATION—*Joint Torts.* An injury occasioned by the joint acts of several irrigating companies in attempting to convey an excessive amount of water in a natural stream, charges each and all of such wrong doers.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. L. R. RHOADES, Messrs. LEFTWICH & TEMPLE, for plaintiffs in error.

Messrs. STOW, STOVER & SEAMAN, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought by Henry Walker, defendant in error, for damages to his property occasioned by the alleged negligent use of Dry Creek in the transmission of irrigating waters by The Larimer & Weld Irrigation Company and The Water Supply & Storage Company, plaintiffs in error. The suit originally included The Douglas Irrigation Company and The Larimer and Weld Reservoir Company as defendants. An amended complaint was filed, which The Douglas Irrigation Company moved to have stricken as a departure. The motion was sustained, none of the other defendants joining in it. Plaintiff elected to stand upon his amended complaint, and The Douglas Irrigation Company was accordingly dismissed as a defendant. At the close of the testimony of the plaintiff The Larimer & Weld Reservoir Company moved a dismissal as to it, which was sustained. There was a verdict and judgment for plaintiff against the two remaining defendants and damages awarded in the sum of $920.00. They assign error and bring the case here for review.

The essential facts are that plaintiff owns a farm on Dry Creek. About the 12th of September, 1913, The Water Supply & Storage Company was using the creek as a channel to convey water from two reservoirs for the use of the stockholders of another reservoir. On the same day there was turned into the creek by The Douglas Irrigation Company, 211 feet of water for the use of its stockholders along

the Larimer & Weld Canal. It appears that the joining of these two volumes of water raised the stream in the channel above its capacity, resulting in an overflow, causing the damage of which complaint is made.

It is contended that the 211 feet of water from the Douglas reservoir belonged to that company, and that The Larimer & Weld company was a carrier merely. That The Water Supply & Storage Company had no knowledge whatever that the creek was being used to convey any other water than that which it had turned into the stream. And it is further objected that the record does not establish a joint tort.

Under the statute a natural stream may be used to convey appropriated water for use further down the channel. It is incumbent, however, upon those so using natural channels to make sure that the water conveyed does not raise the flow of the stream above the danger point. This is not disputed by defendants; but it is insisted that the 211 feet turned into the stream did not belong to the Larimer & Weld company, and that such company could exercise no dominion over it until it had entered their ditch. It is also contended that the 65 feet which was being carried in the creek at the same time was water for the use of the stockholders of The Windsor Reservoir Company, and not under the control of either of the defendants while it was in Dry Creek.

The record shows that for some years prior to the commencement of this action, there had been a custom to carry and exchange water between the reservoirs and ditches of the several companies involved, for the benefit of their several stockholders, and that both the 211 feet and the 65 feet were turned into the creek on the 12th of September in accordance with such agreement. It also appears that those instrumental in conveying these waters through the creek were fully advised as to the exchange agreement, and that the 211 feet of water was turned in upon the request and under the direction of The Larimer & Weld Irrigation Com-

pany. There is ample testimony to the effect that all interested parties were fully aware that both the 211 feet and the 65 feet had been turned into the creek on the day in question. These and other matters of fact were for the jury to determine, which it did, under correct instructions as to the law. There is absolutely nothing to warrant a reversal of the conclusion of the jury upon the facts. The testimony shows that the defendant companies were operating together and that the acts of the one were in effect the acts of the other. Indeed, it appears from the evidence that the companies were largely operated in common. No one of them should be allowed to hide behind the skirts of the other. To permit this would be to approve a mere subterfuge, and the courts should not lend aid to such conduct.

A further contention is that the evidence fails to establish a joint tort. In order to render parties jointly liable for tort it must clearly appear that the wrong complained of flowed from their joint action or non-action. *Mead v. Zang Brewing Co.,* 43 Colo. 1, 95 Pac. 284. To make them jointly liable the injury must be the result of concerted action. *Stratton's Independence v. Sterritt,* 51 Colo. 26, 117 Pac. 351. In 36 Cyc. 483, the principle is thus stated:

"Where different persons owe the same duty and their acts naturally tend to the same breach of their duty, the wrong may be regarded as joint and both may be held liable."

In this case the injury complained of was plainly the result of the joint acts of the defendants in attempting to convey an excessive amount of water through Dry Creek. The commingling of their respective allowances of water in the stream produced the injury, and under the rule announced they are each liable for the damage done, and are therefore jointly liable. The case was tried upon a correct theory and the instructions given properly stated the law governing the issues involved.

Other assignments of error are without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Decided July 1, A. D. 1918. Rehearing denied December 2, A. D. 1918.