## No. 10,388.

### CARDIFF LIGHT & WATER COMPANY, ET AL. *v.* TAYLOR.

#### Decided July 2, 1923.

Action for damages occasioned by leaking water pipes. Judgment for plaintiff.

## *Affirmed.*

1. APPEAL AND ERROR—*Findings.* Findings of a trial court based upon competent legal evidence, will not be set aside on review.

2. TORTS—*Parties.* The general rule is that an injured person may, at his option, sue all the wrongdoers in a single action, or any one or each in a separate action, or may sue any number he pleases less than all.

3. *Joint Wrong.* Where a water company by contract was to furnish materials for a water system and a city was to furnish water for, and operate the same, in an action against them for damages occasioned by leaking pipes, it is held that they were joint wrongdoers.

4. EVIDENCE—*Contract.* In an action against a city and water company jointly for damages occasioned by leaking pipes, it is held, that a contract between the defendants showing their relation to the water system, is competent evidence.

5. DAMAGES—*Water Company—Liability.* In an action for damages occasioned by water escaping from a water works system, the contention of a defendant water company that it was not liable because it had permitted its co-defendant, a municipality, to manage and operate the system, is overruled.

6. MUNICIPAL CORPORATIONS—*Ordinances—Liability for Damages.* Where a city granted a franchise for the laying of water pipes in its streets and thereafter took over the operation of the system constructed thereunder, it could not escape liability for damages resulting from leaking pipes on the ground that the ordinance granting the franchise was invalid, nor that its contract to supply water for another city was ultra vires.

7. *One City Supplying Water to Another—Ultra Vires.* In entering into and operating under a contract to supply water to

another city, a municipal corporation is not acting as a branch of the government in its sovereign capacity, but is carrying on a business, and it is estopped to assert that it is acting ultra vires while enjoying the fruits of the enterprise.

*Error to the District Court of Garfield County, Hon. Clarence J. Morley, Judge.*

Messrs. HUGHES & DORSEY, Mr. WALTER M. CAMPBELL, Mr. A. L. BEARDSLEY, Mr. C. W. DARROW, for plaintiffs in error.

Mr. J. W. BELL, Mr. C. W. TAYLOR, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Taylor recovered a joint judgment against the defendants, the city of Glenwood Springs and The Cardiff Light & Water Company, for $1864.00 as damages for injury to his dwelling house caused by water that escaped from a water main, laid in one of the streets of the city, and thence seeped to his premises. The defendants are here with this writ of error. Numerous errors and objections are assigned and argued. None of them have merit. They are not separately considered, but the opinion sufficiently discloses what they are.

In the forepart of 1907 the town, now city, of Glenwood Springs, by ordinance, gave to C. W. Darrow, his associates and assigns, the right to lay in certain of its streets, and forever to maintain therein, a six inch pipe line or water main, and to connect it, at the north end, with the water system of the Glenwood Light and Water Company, a corporation which was then furnishing water to the city. The purpose of the grantees, which was executed, was to connect the pipe line at its south end with, and make the same a part of, a pipe line which it proposed to build to the town of Cardiff for supplying water to the town and to people living in that vicinity. The rights granted under

this franchise ordinance were, by the grantees therein, assigned to the defendant Cardiff Water Company. Upon its assignment the Cardiff Company entered into a contract with the Glenwood Water Company, whereby the latter was to furnish to the Cardiff Company, at the point of connection of their respective pipe lines, water for the use of the Cardiff Company's customers for a designated consideration. The contract further provided that the Glenwood Water Company was to have charge of the water plant and system of the Cardiff Company when installed, extending from the point of its connection with the line of the Glenwood Company to the town of Cardiff, and to keep the same in good condition and repair, for which purpose the Cardiff Company was to furnish the necessary pipes and materials. There was also a provision that any claim or liability arising from defective pipes or materials, or from the operation or maintenance of the system of the Cardiff Company by the Glenwood Company, and all expenses incurred in connection therewith, were assumed by the Cardiff Company. Thereafter, and until July, 1914, as provided in the contract, the business in question was carried on, when the city of Glenwood Springs then purchased the water works system owned and operated by the Glenwood Water Company. In connection with the sale, and as a part of the terms thereof, the Glenwood Water Company assigned to the city of Glenwood Springs, which the latter accepted, all its rights and interests in and to its agreement with the Cardiff Company. Since July, 1914, the city, through its municipal water system, has furnished water and carried out the provisions of the contract with the Cardiff Company, and has recognized its obligations thereunder. During the month of April, 1916, about two years after the city acquired ownership of this water system, the plaintiff first noticed that the street and adjacent sidewalk, and the ground inside of his lot line, began to sink, and during the following summer months this wood pipe line, which had been laid in the street in front of his premises, was in bad condition and almost continuously leaked and discharged

water therefrom, which caused the injury to his property for which this action was brought. The city was notified by plaintiff from time to time of these conditions and was requested to put the line in good condition, but failed to do so. The Cardiff Company, if it did not have actual notice from the plaintiff, was, or should have been, aware of these conditions.

Both defendants contend that the evidence was not sufficient to sustain the finding of the court that the injury to plaintiff's premises was caused by leakage and seepage from the pipe line. Its finding was based upon competent legal evidence, and can not be 'set aside.

Each defendant, though not conceding separate liability, seeks to cast the blame on the other, if plaintiff has any grievance. The main contention, however, is that the wrong complained of is not a joint wrong, and, if that is the case, the cause of action pleaded was not proved. They invoke the doctrine laid down by this court in *Livesay v. First Natl. Bank,* 36 Colo. 526, 86 Pac. 102, 6 L. R. A. (N. S.) 598, 118 Am. St. Rep. 120; *Millard v. Miller,* 39 Colo. 103, 88 Pac. 845; *Mead v. Ph. Zang Brew. Co.,* 43 Colo. 1, 95 Pac. 284; *Stratton's Indepen., Ltd. v. Sterrett,* 51 Colo. 17, 117 Pac. 351. The doctrine will be found concisely stated in Pomeroy's Remedies and Remedial Rights, sections 281 to 308, and in 15 Enc. Pl. & Pr. 562. The general rule is that an injured person may, at his option, sue all the wrongdoers in a single action, or may sue any one, or each in a separate action, or may sue any number he pleases less than all. Defendants, however, say, as the above cases declare, that the rule does not apply unless there be some community in the wrongdoing among the parties charged. In other words, that the wrong must in some sense be their joint work. There must be something more than the existence of two separate causes of action to enable a plaintiff, as here, to join these two parties in a single action. The complaint is unnecessarily prolix. In effect, however, it charges these defendants with joint negligence in not providing or maintaining a sufficient pipe

line.  The specific charge of negligence of the Cardiff
Water Company is its failure to furnish or install a suit-
able pipe line to withstand the pressure and prevent leak-
age of water, and the specific act of negligence of the city
is its negligent and careless manner in operating and re-
pairing the same.  The mere fact that these specific acts of
negligence may be different does not prevent the joinder of
the two defendants guilty thereof, if there was some com-
munity in the wrongdoing, or if it can be fairly said that
the injury was occasioned by the concurrent contributing
negligence of both.  It makes no difference that one de-
fendant may be more culpable than the other.

We are of opinion that the complaint, and also the evi-
dence, show a joint wrong by these defendants.  That the
town council had power under the statute to grant a fran-
chise for this pipe line, and that the grantee was not guilty
of any wrong in laying a wooden pipe in the streets of
Glenwood Springs, is not disputed.  It does not follow,
however, that the holder of the franchise may not there-
after become liable to third parties, either because of his
failure to lay a suitable pipe line, or by negligence in keep-
ing in good repair the one previously laid.  When the
owner of this pipe line entered into a contract with the
Glenwood Water Company, which contract thereafter was
assigned to, and its obligations assumed by, the city,
though the owner gave over to the city its management and
the city assumed the obligation and duty to keep the line
in good repair and condition, the assignor did not thereby
escape all liability that might arise from the negligence of
the company in fulfilling its duty to repair.  The evidence
does not show that exclusive possession of the pipe line was
given to the city, but the management of the system was
given to the city.  Thereafter, in carrying on the business
of supplying the town of Cardiff with water, the city was
acting not only for itself but for the Cardiff Company.

This is an action for a tort.  The plaintiff was not a
party to the contract between the city and the Cardiff Com-
pany, and is not suing for its breach.  His cause of action

is for the joint wrong of both defendants. The contract, however, is proper evidence as showing the relation of the parties to this water system and the business of supplying the town of Cardiff with water. The system was being operated for their mutual benefit. The city supplied the water and the company paid for the water, and for the services of the city in operating and maintaining the system, one-third of the gross receipts which the city collected and received from the consumers as water rents, and deducted its one-third and turned over the balance to the Cardiff Company. The city was given control of the system at the point where it delivers water to the Cardiff system. It has charge of the Cardiff plant and is bound to keep it in good condition and repair, collect the water rents and keep books of account. The Cardiff Company, in carrying on this enterprise, is to contribute all the pipe lines and materials necessary for the repair work, and it assumes liability incurred from defective pipe or materials. It thus appears that the city and the Cardiff Company are really jointly interested in and are jointly carrying on, the business of supplying the town of Cardiff with water. Each of them is to do certain things, all of which are essential to the conduct of the business. As to third parties who are injured by the negligence of either, or both, in conducting this business or operating and maintaining the pipe line, they are jointly, as well as severally, liable. The Cardiff Company may not escape liability, even though it has delivered to the city possession of a suitable and safe pipe line. The duty is still incumbent upon the Company, so far as concerns third parties, to see that the system is kept in good repair, and if the city, which has assumed that obligation, fails, the Company is not absolved from its duty in the premises. The Company has not withdrawn from the business of supplying water. It has at most surrendered to, or, for a money consideration, secured the cooperation of, the city in conducting the joint enterprise for their mutual benefit. The Cardiff Company is mistaken in its assertion that, because it permitted the city to manage

operations, the city only is liable for negligence for injuries to third persons resulting therefrom, on the theory that the Cardiff Company's relation to the property is similar to that of a lessor of real estate who is not responsible for injuries to third persons caused by the bad condition of the premises, unless he has covenanted to repair or has let the premises in such condition. This case does not fall within that principle, because the Cardiff Company shares, and is co-operating with, the city in using this pipe line and in conducting the business of furnishing water for hire.

The city may not escape liability by pleading that the ordinance conferring the franchise is invalid, or that its contract with the Cardiff Company to supply water for another municipal corporation is *ultra vires,* or that by the contract the Cardiff Company has assumed liability to third parties for defective pipe line or materials. In entering into this contract with the Cardiff Company, or assuming the obligations of the contract and in supplying water to the town of Cardiff, the city is not acting as a branch of the government in its sovereign capacity, but is carrying on a business or an enterprise for a money consideration, which it has received. It is estopped to assert that it is acting *ultra vires* while enjoying the fruits of that enterprise. But if these defendants were engaged in an unlawful enterprise, because the city exceeded its powers, each of the parties thereto is, severally, and jointly, responsible for all injuries committed in its prosecution. 38 Cyc. 487, *et seq.* Neither is this a controversy between a city and the holder of a franchise over its validity. Indeed, both the city and the licensee assert its validity and are acting accordingly. The city has control of its own streets. Its permission to the Cardiff Company to lay a pipe line therein does not take from it the power to abate a nuisance in the street. If it chooses to co-operate with the Cardiff Company in operating a water system, and makes use of a defective water main, after notice of its condition; in other words, if it co-operates with the Cardiff

Company in maintaining in one of its streets, a nuisance, it is liable with its associates for injuries thereby resulting to third persons, regardless of the special pleas mentioned.

The judgment of the district court, being in accordance with our views, is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.