No. 14,771.

MILL *v.* CITY OF FORT COLLINS.
(104 P. [2d] 143)

Decided May 20, 1940.   Rehearing denied June 24, 1940.

Mr. L. R. TEMPLE, Mr. ALBERT P. FISCHER, for plaintiff in error.

Mr. HERBERT A. ALPERT, for defendant in error.

230

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

The parties are before this court in the same order as they appeared below, and are herein designated as plaintiff and defendant. In plaintiff's amended complaint she alleged that she is the widow of Andrew Mill, deceased; that the defendant is a municipal corporation organized and existing under and by virtue of the Constitution and laws of the state of Colorado; that defendant is the owner of a gasoline shovel which it uses, inter alia, for making excavations for private individuals for hire, and that said shovel when in operation is a dangerous machine requiring the most expert and careful handling; that in the month of August, 1939, one H. M. Bales entered into a parol contract with the defendant through its city manager whereby for the consideration of twelve cents per yard the defendant agreed to dig a silo for the said Bales on his farm seven miles east of Fort Collins, Colorado. Plaintiff further alleged that the defendant through its city manager negligently and in wanton and reckless disregard of human life placed the said gasoline shovel in the hands of one Frank Jesser, a careless, reckless, and unskilled operator, for the purpose of digging said silo, and that the defendant knew, or by the exercise of reasonable diligence should have known, that the said operator was careless, reckless, and unskilled; that during the digging of the silo in compliance with said contract the defendant through its agent and servant "well knowing that plaintiff's husband was in back of said gasoline shovel, negligently and without warning backed said shovel and ran over and killed the plaintiff's husband. That plaintiff's husband was not a fellow servant of said Frank Jesser but was working for one Jake Mill the lessee of the said H. M. Bales in said silo." Plaintiff further alleges that the said injury and resulting death were caused solely by the negli-

gence of the defendant in the management and operation of the gasoline shovel and that such negligence was the proximate cause of the injury and death of her husband. It is further alleged that plaintiff caused the required statutory notice of said accident, stating the time, place, and cause of the injury, to be served upon the clerk of the defendant municipal corporation; that by reason of her husband's death plaintiff sustained damages in the sum of $5,000.00.

A demurrer to the amended complaint for insufficiency of facts to constitute a cause of action against the defendant was interposed. The district court sustained the demurrer. Plaintiff electing to stand on her amended complaint, the court entered judgment dismissing the same at her cost. The sustaining of the demurrer and the dismissal of plaintiff's amended complaint is assigned as error.

The sole question involved is whether a municipal corporation is liable for its negligence while engaged outside the corporate limits in a private enterprise for profit.

██ The defendant contends that the act of which complaint is made was ultra vires, and that it is not liable for its tortious acts while engaged in ultra vires operations. It cites a large number of cases and authorities supporting this contention. We are of the opinion, however, that the contrary rule has been adopted in Colorado. Plaintiff calls our attention to the fact that Fort Collins is a home rule city operating under a charter adopted pursuant to article twenty of the state Constitution; that it is thereby vested with full authority over local and municipal matters; that therefore the lack of any statutory authority to enter into such a contract as the one here under consideration is not necessarily determinative of the issue. We need not, however, and do not, determine whether the contract was or was not ultra vires. It is alleged in the complaint that the contract was entered into by the city in the exercise of its

proprietory or business powers for a financial considera- tion. Certainly digging siloes is no part of its governmental functions. That a city possesses such proprietory or business powers, as well as governmental powers, is clearly set forth in the case of *City of Colorado Springs v. Colorado City,* 42 Colo. 75, 94 Pac. 316. It is admitted that the city was to receive a monetary consideration for its execution of the contract, and it is a fair inference that this would inure to the financial benefit of the citizens of the city. Under such conditions the case of *Cardiff Light and Water Co. v. Taylor,* 73 Colo. 566, 216 Pac. 711, holds that even though the contract is ultra vires, the city receiving a benefit from it can not set up against a third person injured by the city's negligent operations pursuant to the contract the fact of its being ultra vires to defeat recovery. Under the authority of that case it was error for the trial court to sustain the demurrer and enter judgment dismissing the plaintiff's complaint.

The judgment is reversed and the cause remanded with directions to the trial court to reinstate the complaint, overrule defendant's demurrer thereto, and permit such further proceedings as are not inconsistent with the views herein expressed.

MR. JUSTICE FRANCIS E. BOUCK dissents.

MR. CHIEF JUSTICE HILLIARD not participating.