No. 15,066.

MILL v. CITY OF FORT COLLINS.
(129 P. [2d] 108)

Decided June 29, 1942.   Rehearing denied September 14, 1942.

Mr. L. R. TEMPLE, Mr. ALBERT P. FISCHER, for plaintiff in error.

Mr. HERBERT A. ALPERT, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS cause has heretofore been before this court. *Mill v. Fort Collins,* 106 Colo. 229, 104 P. (2d) 143. Therein we held only that the defense of ultra vires was not available to defendant in error. That opinion should nevertheless be read in connection with this for a better understanding of the complaint.

These parties appear in the same order as in the trial court and are hereinafter referred to as there. Plaintiff's deceased husband is referred to as Mill, one H. N. Bayles as Bayles; one Frank Jesser as Jesser; one Howard Evans (a civil engineer and clerk for defendant's commissioner of works) as Evans; one Guy H. Palmer (city manager of defendant) as Palmer; and one Miles House (city clerk of defendant) as House.

While a gasoline shovel belonging to defendant was being operated by Jesser in excavating a silo pit for Bayles on his farm six miles from the city limits, it backed over Mill, killing him instantly. Plaintiff, claiming this shovel was negligently operated for defendant by its employee Jesser, brought this action for $5,000 damages. Defendant answered denying both the negligence and employment, and alleging contributory negligence on the part of Mill. Appropriate denial was made by reply and the cause tried to a jury. At the close of the evidence defendant's motion for a directed verdict was sustained and judgment entered accordingly. To review that judgment plaintiff prosecutes this writ, assigning several errors. These, so far as they now require notice, amount simply to the contention that there was evidence: (1) Of Jesser's employment by defendant, and (2) his negligence; one or both of which (it is not clear from the record) the court found lacking. Believing plaintiff's position sound we address ourselves to those two propositions only.

1. It is not easy to determine from this record for whom Jesser was working. Neither he, Bayles, Evans, nor Palmer, seem to have concerned themselves with that technical question. Bayles wished the work done

by defendant's shovel and Evans and Palmer were agreeable. Jesser wished the employment and got it. He had formerly operated this shovel for defendant and was presumed capable. But he had joined a union whose scale was much in excess of that paid by defendant. There is evidence that he made Bayles a price of twelve cents per yard and rented the shovel for $2.50 per hour. Bayles settled with him and he with defendant. But Bayles says he made his deal with Evans after the latter had conferred with Palmer and House; that Evans said "they would dig the silo for that price"; that he had no notice that Jesser had leased the shovel and made no deal with him; that he told him "Evans had agreed to do the job for twelve cents per yard." Similar work under similar arrangements was done with this shovel before and after the Bayles job. The next employer, to whose place Jesser moved the shovel, testified that his arrangement was with Evans, "not a word" with Jesser. Defendant hauled the shovel to the Bayles farm, furnished gasoline, and furnished and paid for the installation of repairs. There is evidence which would justify the conclusion that the so-called renting by Jesser was merely a subterfuge to evade union rules.

2. There was evidence that Jesser was capable. Also that he was sometimes negligent; that an employer discharged him for carelessness; and that "he was wild at times." There is also evidence that he was careful and dependable. According to Jesser the shovel "slipped out of gear and rolled back," that when the shovel "slips out of gear you have no brakes to stop it." Evans testified that the brakes were in good order; that there was no time "when the brakes on this shovel can't be engaged"; that "if the thing ran down hill the brakes were not applied."

The record contained other statements justifying conclusions that Jesser was and was not employed by the city and that he was and was not guilty of negligence. Enough has been said, however, to support our conclu-

sion that this case should have gone to the jury.

Plaintiff invokes the doctrine of res ipsa loquitur and considerable argument is devoted by both sides thereto. Had the court sustained defendant's motion for a non-suit made at the close of plaintiff's evidence this would be pertinent. That motion was, however, very properly overruled and in the light of what we have heretofore said the applicability of the doctrine need not be discussed.

For the error in directing a verdict the judgment is reversed and the cause remanded for a new trial.

Mr. Justice Bakke dissents.