No. 17,301.

Miller et al v. Singer et al.
(279 P. [2d] 846)

Decided February 7, 1955.

Messrs. Snyder & Tullis, for plaintiffs in error.

Messrs. Rector, Kane & Calvert, for defendents in error.

*En Banc.*

Mr. Chief Justice Alter delivered the opinion of the Court.

Palmer J. Singer and Agnes R. Singer, doing business as the Colorado Petrified Forest, began an action in the

district court against H. Dale Miller and John M. Baird, doing business as the Pike Petrified Forest Company, John R. Baker, doing business under the name of B. & R. Construction Company, and Rufus Jones as sheriff of Teller county, Colorado, to recover actual damages in the sum of $12,500.00, and, in addition thereto, exemplary damages in the sum of $10,000.00, for destruction of plaintiffs' property and damages to their business.

Defendants Miller and Baird filed answers generally denying the allegations of said complaint, and, in addition thereto, filed a counterclaim in which they sought damages against plaintiffs in the sum of $10,000.00. Defendant Baker filed a separate answer in which the allegations of the complaint were denied generally; and for a further answer he alleged that he was an independent contractor and that he was engaged by and acting under the instructions of defendants Miller and Baird in committing the alleged wrongs of which plaintiffs complain.

The cause was tried to a jury, and on its verdicts returned as hereinafter set forth, judgments were entered in favor of plaintiffs and against defendants. Defendants Miller and Baird have sued out a writ of error seeking a reversal of the judgments against them.

We will herein refer to the parties as plaintiffs and defendants as they appeared in the trial court.

The pertinent allegations contained in the complaint are:

"That for more than twenty years the plaintiffs herein have maintained their signs, ticket office and entrance gate to said business establishment upon the following described tract of land situated in Teller County, to-wit: * * *

"That the defendants, and each of them, did on June 20, 1952, at about the hour of 2:00 P.M. mutilate, tear down and destroy the signs of the plaintiffs situated on the above tract of land. That said acts of destruction were vicious, malicious and intentional and were con-

summated for the purpose of destroying the plaintiffs' business, or preventing them from transacting business in Teller County, to the plaintiffs' damages in the amount of $2,500.00 for the property destruction, and a resulting damage to the plaintiffs' business in the amount of $10,000.00."

Defendants Miller and Baird, in their summarization of argument here, urge seven points upon which they contend that a reversal of the judgment is proper, only one of which we shall consider, not thereby indicating, however, that other alleged errors are not of sufficient importance to justify a reversal. We call attention to the fact that counsel for both plaintiffs and defendants failed to make proper objections to evidence offered and received, as well as proper objections to the instructions to the jury and verdicts returned by it, and if the court had not determined to consider errors appearing in the record on its own motion, the judgment necessarily would have to be affirmed.

The error we have elected to consider is confined entirely to the verdicts upon which judgments were entered, very evidently because of an erroneous court instruction to which no proper objection was made. The court instructed the jury:

"Instruction No. 9

"You are instructed that a tort is a civil wrong and that all persons participating therein are called tortfeasors and all parties joining in the commission of a tort were jointly and *separately* liable. * * *"

As an indication of the court's construction of the word "separately" as used in its instruction, there were two forms of verdicts submitted to the jury in which it was permitted to return separate amounts as damages against defendants, one thereof being a verdict in favor of plaintiffs and against defendants Miller and Baird, and the other a verdict against Baker alone. As a result of the submission of the two forms of verdicts in plaintiffs' favor, as we have said, the jury returned a verdict in

favor of plaintiffs against defendants Miller and Baird, finding $9,900.00 exemplary damages, and in a separate verdict exemplary damages were found in plaintiffs' favor against Baker in the sum of $100.00. No "actual" damages were awarded in either verdict. When these verdicts were returned, the following colloquy between the court and the foreman of the jury occurred:

"The Court: Did you intend this $9,900.00 as exemplary or actual damages?

"The Foreman: Exemplary damages, I think, Your Honor.

"The Court: Will counsel here permit me to state— Did you read one of your instructions that you must find actual damages in order to find exemplary damages?

"The Foreman: That is where we were mixed up, Your Honor.

"The Court: You have brought in a verdict of $9,900.00 as exemplary damages. Did you mean that as actual damages to replace a loss or did you give it in the nature of punitive damages?

"The Foreman: In the nature of loss, I think, Your Honor.

"The Court: Did you intend it in the nature of punishment or in the nature of loss?

"The Foreman: Loss, I believe.

"The Court: I will ask the jury to take the verdict with them to the juryroom and read the instruction on that.

"The Foreman: I think it is No. 10, or No. 8.

"The Court: Mr. Bailiff, will you take the jury out and have them read the instructions. You have $100.00 exemplary damages against Baker, too, so you will have to straighten out both verdicts as to what you want to do."

The jury, at the court's direction, retired and shortly thereafter returned two verdicts in favor of plaintiffs and against defendants, having deleted the $9,900.00 exemplary damages against defendants Miller and Baird and substituted therefor $9,900.00 "actual" damages, and

in the verdict against Baker, it deleted the $100.00 exemplary damages and substituted therefor $100.00 "actual" damage. As hereinbefore indicated, judgment was entered on these last mentioned verdicts.

In this action it is charged in the complaint, and the evidence definitely and unmistakably establishes, that defendants were here charged as joint tort-feasors, and one verdict only in plaintiffs' favor could have been considered. When the court in its instruction charged that the liability of joint tort-feasors was "jointly and separately" and gave the instructions as herein considered, the jury was justified in returning the verdicts which it did under this erroneous instruction.

So far as we have discovered from a rather exhaustive study of the question, it is a universally accepted principle of law that all those who actively participate in any manner in the commission of a tort are jointly and severally liable therefor, and that the tort being integral and indivisible, either or any or all of the joint tort-feasors may be held liable for the whole of the damages resulting from their tortious act. Where an action is brought against joint tort-feasors, if, as here, the finding is against all of them, the verdict must be a single verdict against all for a single sum and not a several verdict against each defendant either for the same or separate sums. *Mason v. Sieglitz,* 22 Colo. 320, 44 Pac. 588; *Bartlett v. Hammond,* 76 Colo. 171, 230 Pac. 109; *Meek v. Smith,* 59 Colo. 461, 149 Pac. 627; *Reyher v. Mayne,* 90 Colo. 586, 10 P. (2d) 1109; *Cardiff Light and Water Co. v. Taylor,* 73 Colo. 566, 216 Pac. 711; *Ress v. Rediess,* 130 Colo. 572, 278 P. (2d) 183; 53 Am. Jur., p. 488, sec. 110; 25 C.J.S., p. 905, et seq., sec. 189 (c); 86 C.J.S., p. 948, et seq., sec. 34; 62 A.L.R. 239; 108 A.L.R. 792; 8 A.L.R. (2d) 862; 1 Cooley on Torts (4th ed.), p. 273, et seq., sec. 85; 1 Sutherland, Damages (4th ed.), p. 432, et seq., sec. 140.

The trial court, in giving its instruction No. 9 to the jury, and in accepting and receiving the verdict to which

attention has been called, committed prejudicial error.

The judgment is reversed and the cause remanded with instructions that further proceedings be in harmony with the views herein expressed.