Malcolm J. PANTHER,
Plaintiff-Appellee,

v.

RAYBESTOS–MANHATTAN, INC., a Connecticut corporation,
Defendant-Appellant.

No. 83CA0314.

Colorado Court of Appeals,
Div. IV.

April 4, 1985.

Williams, Trine, Greenstein & Griffith, P.C., J. Conrad Metcalf, Boulder, for plaintiff-appellee.

Hall & Evans, Duncan W. Cameron, Alan Epstein, Denver, for defendant-appellant.

HODGES *, Justice.

In this appeal, defendant challenges the trial court's refusal to set-off from the jury's damage award the amount plaintiff received in a pre-trial settlement from two co-defendants. We affirm.

Plaintiff originally brought suit against four corporations, Johns-Manville Corporation, Raybestos-Manhattan, Inc., Unarco

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Industries, Inc., and Fibreboard Corporation, which supplied asbestos products to the shipyard where plaintiff was employed during World War II. Plaintiff alleges that these products were the cause of his asbestosis. Fibreboard and Unarco settled for $5,000 each prior to trial.

The trial court, after trial involving the two remaining corporations, instructed the jury to apportion the injury or damages to each defendant, if possible. However, if it was unable to do so, the jury was instructed to find the defendants jointly liable for the plaintiff's damages. The jury subsequently awarded plaintiff $11,666.66 in damages from Johns-Manville, and $5,833.33 from Raybestos-Manhattan.

Both Raybestos and Johns-Manville filed motions requesting the trial court to reduce the damage award by the settlement amount, pursuant to § 13–50.5–105, C.R.S. (1984 Cum.Supp.). The court denied that request, finding that these co-defendants were not "liable in tort for the same injury," as the statute requires. It based this determination on the fact that, although it had been given the option of finding defendants "jointly liable for a single injury and a single sum," the jury brought in separate damage awards against the two remaining defendants. Only Raybestos appeals that ruling.

Raybestos asserts that the four co-defendants are joint-tortfeasors as a matter of law, and that there was no evidence to support an apportionment of liability; thus, it concludes that § 13–50.5–105, C.R.S. (1984 Cum.Supp.) necessarily applies. We do not agree.

■ Section 13–50.5–105, C.R.S. (1984 Cum.Supp.) provides: "(1) When a release ... is given in good faith to one of *two or more persons liable in tort for the same injury* ... (a) ... it reduces the claim against the others to the extent of any amount stipulated by the release." (emphasis supplied) Generally, in a situation where a plaintiff suffers a detrimental physical condition caused by two or more defendants, the defendants acted in concert, and are jointly and severally liable for a single injury. *See, e.g., Miller v. Singer,* 131 Colo. 112, 279 P.2d 846 (1955). However, it is an established legal principle that "[d]amages for harm are to be apportioned among two or more causes where ... there is a reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433 (A) (1965).

■ Here, at first glance, it appears that plaintiff is suffering from a single injury caused by two or more defendants. However, the jury found after proper instruction that plaintiff is suffering from a physical condition, asbestosis, which is a manifestation of multiple injurious exposures to asbestos resulting from multiple, but independent, torts. Therefore, the court correctly found that § 13–50.5–105, C.R.S. (1984 Cum.Supp.) does not apply, because the co-defendants are not "two or more persons liable in tort for the same injury." *Cf. Wesley v. United Services Automobile Ass'n,* 694 P.2d 855 (Colo.App.1984) (*cert. granted* January 21, 1985.)

■ Furthermore, there is evidence to support the jury's apportionment of liability. The jury was instructed that it had the option of finding defendants jointly and severally liable. Nevertheless, it found them separately liable, based on testimony with respect to plaintiff's duties in the shipyard, the asbestos products used for each task, and the products' manufacturer. This was ample evidence from which the jury could determine the separate responsibility of each defendant for plaintiff's injuries.

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN,* J., concur.