## No. 18,075.

BEIN FARMS, INC., ET AL. *v.* JOHN E. DALE.

(326 P. [2d] 72)

Decided February 17, 1958.

On rehearing June 16, 1958, original opinion adhered to.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, Mr. MYRON H. BURNETT, attorneys for plaintiffs in error.

Mr. JOHN A. CROSS, Mr. ROBERT C. CHRISTENSEN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties by name or as they appeared in the trial court, where defendant in error was plaintiff and plaintiffs in error were defendants.

August 5, 1955, Dale filed his complaint against defendants, in which he alleged that he had sustained personal injuries in an accident arising out of his employment by them, and that the injuries were sustained as a result of their negligence.

Defendants answered admitting that Dale was an employee of defendant corporation; that he was injured in an accident; and denied negligence on their part. They further alleged contributory negligence on the part of Dale, assumption of risk and unavoidable accident.

Trial was to a jury resulting in a verdict in favor of Dale against defendants in the sum of $27,948.15. A motion for judgment notwithstanding the verdict and a separate motion for new trial were heard and denied and judgment was entered on the verdict. Defendants seeking reversal of the judgment bring the case here for review by writ of error.

The pertinent facts, not in dispute, are as follows: Defendant, Bein Farms, Inc., owns and operates eight farms; defendant Louis F. Bein is employed as farm manager and is also vice president of the corporation and a member of the board of directors. In his capacity as farm manager Bein employed Dale as a farm hand, and at all times pertinent to the issue here Dale worked under his direction. Dale was told to break up a certain concrete "irrigation box" and to load the broken concrete and debris on a truck to be hauled away and dumped. He was given a sledge hammer with which to work, but

no specific instructions concerning how to do the job. He broke up the concrete and in doing so some of the pieces were larger than others; he loaded the small pieces by hand and the large pieces were put on the truck with the assistance of a hay rake which had a hydraulic hoist. After the truck was loaded defendant Louis F. Bein, the plaintiff Dale and a neighbor by the name of Carroll, rode in the truck which Bein drove to a place selected for dumping the concrete. The truck was equipped with a hydraulic lift but Bein declined to make use of it to dispose of the load. At the direction of Bein, Carroll and Dale assisted in raising a large piece of concrete to an upright position resting on and supported by other rocks in the bed of the truck. Dale was left holding this piece of concrete in an upright position while one of the other men left to get a bar to be used in removing it from the truck. The piece of concrete fell over, throwing Dale from the truck and causing concrete to fall on top of him resulting in severe injuries which totally disabled him for a period of sixteen months. In his efforts to regain his health he spent $1,483.59 in medical and hospital expenses. The accident occurred February 11, 1954.

In the trial court it was contended by Dale that the defendants were negligent in that, under the direction of Bein, he was left alone to hold a very heavy piece of concrete in an upright position and that while he was thus in a position of danger Bein himself moved the rocks beneath and adjacent to the concrete being held by Dale, causing it to become unbalanced and fall. It was further contended that the failure of defendant Bein to authorize the use of the hoist with which the truck was equipped was responsible for the injuries sustained by Dale.

Counsel for defendants present their argument under three captions as follows:

1. There was no proof that the negligence of Bein proximately caused the accident.

2. The trial court erred in denying defendants' motion for a continuance of the trial.

3. The trial court erred in refusing to give defendants' tendered Instructions Nos. 1 and 3.

The instructions tendered by defendants and refused by the court, which it is argued require a reversal, are as follows:

Instruction No. 1. "If you find and believe from a preponderance of the evidence that after the stone was set up on edge, the defendant, Bein, was guilty of no affirmative act which caused plaintiff to lose control of the stone, then the defendants were not negligent and your verdict should be for the defendants."

Instruction No. 3. "You are instructed that an employer has the right to order and direct his employee as to the method and manner of how the work is to be done, and as to when and how to use the appliances and machinery which is furnished by the employer. It is not negligence for an employer to make reasonable directions to require the use of machinery in such a manner that the machinery will not be damaged. In this case it was not negligence for the defendant Bein to refuse to allow the hoist to be used to dump the load of stones. Also, it was not negligence for the defendant Bein to direct the plaintiff to hold the stone in an upright position. The question of whether or not there is liability in this case is to be determined by what caused the stone to fall from an upright position. If you find and believe from a preponderance of the evidence that the defendant Bein negligently moved a stone supporting the stone being held by plaintiff and that such action was the proximate cause of the accident, or if defendant Bein did some other negligent affirmative act which was the proximate cause of plaintiff's losing control of the stone he was holding, then the defendants would be guilty of negligence. On the other hand, if you find and believe from a preponderance of the evidence that plaintiff lost control of the stone as the result of no affirma-

tive physical act on the part of Bein, then the defendants were not negligent and you will return a verdict in favor of the defendants."

No reference was made by counsel for either party, or by the court, to the statutes governing the liability of employers for injury to an employee resulting from the negligent acts of the employer, or from the negligent acts of an employee causing injury to a co-employee. Pertinent provisions of these statutes read in part as follows:

C.R.S. 1953, 80-6-1. "Every corporation or individual who may employ agents, servants or employees, such agents, servants, or employees being in the exercise of due care, shall be liable to respond in damages for injuries or death sustained by any such agent, servant or employee resulting from the carelessness, omission of duty or negligence of such employer, or which may have resulted from the carelessness, omission of duty or negligence of any other agent, servant or employee of the said employer, in the same manner and to the same extent as if the carelessness, omission of duty or negligence causing the injury or death was that of the employer."

C.R.S. 1953, 80-6-4. " * * * The amount of damages recoverable under this article in case of personal injury resulting solely from negligence of a co-employee shall not exceed the sum of ten thousand dollars."

C.R.S. 1953, 80-6-5. "Whenever any agent, servant, or employee while in the performance of his duty for his employer, shall be injured or killed in the employer's service on account of the employer's negligence, or on account of any defect or peril connected with ways, works, machinery or instrumentalities used in the business of the employer, which could have been remedied or made more safe by the use of ordinary diligence, a recovery for such injury or death may be had. The fact that such employee had knowledge of the defect or peril, shall not be a bar to a recovery, unless the repairing or remedying of such defect or peril was his principal duty.

All stipulations, contracts or agreements between an employee and his employer or between other persons, contrary to the provisions hereof shall be null and void."

Questions to be Determined.

First: *Was the evidence sufficient to warrant submission to the jury of the question of defendants' negligence, and of plaintiff's contributory negligence?*

This question is answered in the affirmative. The facts in the instant case, viewed in the light most favorable to plaintiff, are quite similar to those involved in the very recent case of *Jacobson v. Doan,* 136 Colo. 496, 319 P. (2d) 975. There the evidence of negligence was held sufficient to support the judgment.

In the instant case it is strenuously argued that, in some particulars, the deposition of plaintiff taken prior to trial is not consistent with his testimony upon the trial, and that the asserted inconsistencies are such as to compel this court to hold as a matter of law that the verdict of the jury is without support in the evidence. It was within the exclusive province of the jury to determine whether inconsistencies existed as between the statements made by plaintiff in his deposition, and the testimony given by him upon the trial. It was the sole province of the jury to evaluate such alleged inconsistencies and determine the effect, if any, to be given them in resolving the facts. The evidence given by plaintiff upon the trial was competent and tended to establish negligence. The jury chose not to devaluate it because of alleged inconsistencies with the statements contained in the deposition. We are not authorized, under the circumstances disclosed by the record, to set aside the verdict of the jury on this ground.

Second: *Did the trial court err in denying defendants' motion for a continuance of the trial for ten days in order to enable them to procure evidence relating to the height of plaintiff in the year 1948?*

This question is answered in the negative. Dale offered evidence tending to prove that as a result of the

injuries he sustained in the accident he lost about 4½ inches in height. He stated that on December 25, 1953, he was six feet tall and that the loss in height resulted from the accident and hospitalization. At the time of the accident he was 23 years old. During his cross-examination it was shown that he joined the U. S. Navy in 1948 at a time when he was seventeen years old. Counsel for defendants offered in evidence a telegram from the U. S. Navy officials which contained the following message:

"John Edward Dale five feet eight inches tall according to Bureau Naval Personnel Records."

The trial court properly sustained the objection to the admission of this exhibit. Thereupon counsel for defendants moved for a continuance of the trial for about ten days in order that they might be afforded an opportunity to prove by competent evidence the fact asserted in the telegram.

The matter of the height of Dale at various times before the accident is one upon which there was a wide conflict in the evidence. Counsel for defendants offered evidence to prove that he was not more than 5 ft. 10½ inches. Bein testified that he himself was 5 ft. 10½ inches tall and that Dale was not as tall as he was when he was hired. Defendants' Exhibit 2, a driver's license issued to Dale in 1953, showed his height as 5 feet 9½ inches, and other evidence tended to show his height as 5 feet 9 inches or 5 ft. 9½ inches. All this evidence related to the question of the height of plaintiff before the accident.

The navy record indicating the height of a seventeen-year-old boy recorded six years prior to the accident of February, 1954, does not and could not shed any light whatever on any material issue involved in the case before us. Had this evidence been presented in acceptable form it would have had no relevancy to the height of plaintiff at the time of the accident, and at most could only have been cumulative to the other conflicting statements of the height of plaintiff. The court

committed no error in denying the request for a continuance.

Third: *Did the trial court err in refusing to give defendants' tendered instructions?*

█ This question is answered in the negative. As already indicated, the court correctly instructed the jury on the law applicable to the subject of negligence and contributory negligence. These terms were correctly defined. The jury was correctly instructed on the subject of proximate cause; and the term "ordinary care" as related to the allegation of negligence was correctly defined. The instructions tendered by defendants, and refused by the court, in so far as they contained correct statements of law, were covered adequately by other instructions given. No error was committed in refusing the tendered instruction.

Fourth: *Does the statute prevent the entry of a judgment against defendant Bein Farms, Inc., in favor of Dale in excess of $10,000.00?*

█ This question is answered in the affirmative. The evidence is undisputed that Dale was the employee of the corporation and that Bein also was an employee and agent of the corporation. In so far as the employer corporation is concerned the statute (C.R.S. 1953, 80-6-4) places a maximum of $10,000 on the damages which can be recovered by Dale against Bein Farms Inc. The situation in this case is the same as that presented in *Jacobson v. Doan,* supra, where we said, inter alia:

"Though this case was not tried on the theory that Doan was an employee of defendants at the time of his injuries, yet we find his complaint and proof warrant recovery pursuant to C.R.S. '53, 80-6-1, as limited by 80-6-4. Defendants' answer is broad enough to put in issue all matters required to be proven by plaintiff to entitle him to recovery under the statute, and all defenses pled or tendered were fully presented. The jury by its verdict resolved the issue of negligence in favor of the plaintiffs and against the defendant and, while it

assessed damages in the total amount of $30,000, recovery under the statutory action is limited to $10,000, and the judgment must be reduced to that amount."

So in the case at bar the action was not tried with due regard to the applicable statute; however, no prejudice resulted therefrom other than the entry of an excessive judgment against the defendant corporation.

The statute having no application as between the plaintiff Dale and the defendant Bein, the judgment against Bein is affirmed. The judgment against Bein Farms, Inc., is ordered modified by reducing the same to $10,000, and as so modified is affirmed.

Mr. Chief Justice Holland and Mr. Justice Sutton not participating.