No. 18,537.

CHARLES E. HAMM v. JAMIE THOMPSON, ET AL.

(353 P. [2d] 73)

Decided June 6, 1960.

Mr. GEORGE F. HARSH, Mr. CHARLES D. BROMLEY, for plaintiff in error.

Mr. DUANE O. LITTELL, Mr. JAMES E. ALGEO, Mr. MORTON McGINLEY, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANTS in error, plaintiffs below, filed a complaint in the district court seeking damages allegedly sustained by plaintiffs when an automobile driven by defendant Hamm collided with a motor vehicle owned by plaintiff Florence Turner and driven by plaintiff Jamie Thompson. The complaint named as defendants, Hamm, and Universal Mutual Casualty Company (hereinafter referred to as Universal Mutual or Company). It was alleged that the negligence of defendant Hamm caused said collision and that he "was an agent, employee or servant of defendant Universal Mutual Casualty Company and (was acting) in the course and scope of his agency or employment," when the accident occurred.

Defendant Hamm answered with a denial of said negligence and set forth certain affirmative defenses, and admitted that he was acting in the scope of his employment as agent of Universal Mutual when the collision occurred. The Company, by answer, denied such agency.

On July 29, 1957, the court ordered that the action be

dismissed without prejudice as to Universal Mutual pursuant to a "Stipulation for Dismissal" filed by plaintiffs and the Company. On that same day plaintiffs admittedly executed and delivered to Universal Mutual for and in consideration of $750.00, a document entitled "Covenant not to sue."

Thereafter defendant Hamm moved to dismiss the complaint and for a directed verdict on the ground that the "Covenant Not to Sue" was a release of Universal Mutual; that defendant and Universal Mutual are joint tort-feasors, and that a release of one joint tort-feasor is a release of all. Therefore, the defendant should be released and the complaint dismissed as a matter of law.

The motions were denied by the trial court and trial had to a jury upon the issues thus joined. A verdict was subsequently returned for the plaintiffs in the sum of $10,600.00 and judgment was entered on the verdict. Defendant Hamm is here by writ of error seeking reversal of the judgment on the ground that the trial court erred in denying defendant's motion for a directed verdict.

The instrument titled "Covenant Not to Sue" provides for consideration of $750.00 to be paid by Universal Mutual and sets forth, in customary terms, plaintiff's agreement not to sue Universal Mutual for any of the matters set forth in the complaint, substantially the same as the instrument considered in *Price v. Baker,* decided December 7, 1959. Defendant Hamm argues that the so-called "Covenant Not to Sue" involved here is a release; that Universal Mutual and defendant are joint tort-feasors, and that a release of one joint tort-feasor releases all.

To support the conclusion that Universal Mutual and defendant are joint tort-feasors, defendant argues that Universal Mutual is vicariously liable for defendant's negligence on the theory of respondeat superior for the reason that defendant was a servant or agent of said company acting in the scope of his employment when

the accident occurred. Therefore, the two are joint tort-feasors.

Whether or not Universal Mutual and defendant are joint tort-feasors in the sense that a release of the former acts to release the latter, poses a question which has never been decided in this jurisdiction and consequently cases from other states must be resorted to in arriving at a solution.

██ ██ A case in point is *Losito v. Kruse,* 136 Ohio St. 183, 24 N.E. (2d) 705, where it was held that a master, who is liable under the doctrine of respondeat superior for injuries caused by his servant's negligence, is a tort-feasor with the servant, and a release of the master is not a release of the servant. The court reasoned:

"Here the question is, what effect will a partial settlement have upon the plaintiff's right to pursue the servant for the remainder of his claim? The servant's liability as such is in no way affected by a settlement with the master. The master's settlement does not establish liability against the defendant servant in favor of the plaintiff. If the servant is liable to the plaintiff, he is liable for the full amount of the claim if the master has paid any part of it, the servant is under obligation to reimburse the master and pay the plaintiff the balance of his claim."

██ The law of this jurisdiction, by way of analogy, supports the reasoning of *Losito v. Kruse,* supra. It is well settled that a master who pays for injuries or damage to another resulting from his servant's tort has a right of indemnification from his servant for the amount so paid. *Parrish v. DeRemer,* 117 Colo. 256, 187 P. (2d) 597; *Otis Elevator Co. v. Maryland Casualty Co.,* 95 Colo. 99, 33 P. (2d) 974; See, *Spillane v. Wright,* 127 Colo. 580, 259 P. (2d) 1078. It is equally well settled that there is no contribution among conventional tort-feasors in this jurisdiction. *Otis Elevator Co. v. Maryland Casualty Co.,* supra.

The reasoning of *Losito v. Kruse,* supra, that the

"servant's liability as such is in no way affected by a settlement with the master" because of the common law rule pertaining to indemnification and contribution between master and servant is equally applicable in this jurisdiction where common law principles are the rule of decision. The rule is stated in convincing language in *Harper & James,* Volume 1, §10.1, page 700 wherein it is stated in Note 50:

"Another manner in which the joint and several liability imposed on master and servant differs from that of the other categories is that at common law the master has a right of indemnification * * * from his servant for the amount the former pays a third person to satisfy any judgment rendered against both of them for the servant's tort. (Citing cases.) True joint-tortfeasors, on the other hand, could not even seek contribution * * * at common law * * * and, while there are exceptions, still cannot do so today unless allowed by statute. (Citing cases.)"

Defendant would have this court apply the concept of "joint tort-feasors" to the master-servant relationship in cases where the master is liable for the servant's torts only under the doctrine of respondeat superior — to the extent that a release of the master is a release of the servant. To do so would enable the sole wrongdoer, the servant, to escape liability altogether, for the master, after compensating the injured party, could not thereafter seek contribution by way of indemnification from the servant, since there is no contribution among conventional tortfeasors in this jurisdiction.

Foreseeing this consequence, many courts have refused to apply the concept of joint tort-feasors to the master-servant relationship in related areas. Thus some courts have held that a master and servant can be joined as defendants in one action, but they are not joint tort-feasors. *Pacific Emp. Ins. Co. v. Hartford Accident & Indem. Co.,* 228 F. (2d) 365, certiorari denied, 352 U.S.

826. Cases collected in 98 A.L.R. 1057. The language of one such case is particularly applicable herein:

"Under the doctrine of respondeat superior Boyce-Harvey * * * is liable to third parties for the negligence of its employees * * * while acting in the scope and course of employment. But such liability is vicarious only and does not constitute Boyce-Harvey a joint tort-feasor or render it solidarily liable with its negligent employee. (Citing cases.) Ordinarily, in fact, an employer may recover from his employee the damages the latter's negligent conduct has caused the employer to pay a third party, (citing cases)." *Spurlock v. Boyce-Harvey Machinery,* 90 So. (2d) 417, 427 (La. 1956).

In *Biel v. Kirsch,* (Ind. 1958) 153 N.E. (2d) 140 the court held:

" * * * in Indiana, where the master's liability for the negligent act of the servant is based solely on the doctrine of RESPONDEAT SUPERIOR and not by reason of any personal share in the negligence, *a suit may be maintained against both the master and the servant and their liability is regarded as both joint and several although they are not considered to be joint tort feasors.* (Citing cases.) Thus it is apparent that appellee was privileged to have brought this suit against either the appellant or Biel individually or against both of them jointly." (Emphasis supplied.)

And again, in the case of *Kabatchnick v. Hanover-Elm Bldg. Corp.* 331 Mass. 366, 119 N.E. (2d) 169, the following is announced:

"But the plaintiff contends that by virtue of, * * *, two or more persons may be joined in one action as defendants if there is asserted against them jointly or severally any right to recover in respect of or rising out of the same matter of transaction. This statute is one of procedure and permits the joining in a single action of wrongdoers, even acting independently of each other, who have contributed to cause the injury or damage of which the plaintiff complains. * * * (citing cases). It changes the

former rule and now permits the joining of the principal and the agent in a single action even where the principal or master did not participate in the wrongful act of the agent or servant. (Citing cases.) *The statute, however, does not change the substantive law. It does not convert the several liability of the principal or master into a joint tort liability with the agent or servant. It certainly did not justify dealing with them as joint tort feasors."* (Emphasis supplied.)

In another related area, that of indemnity, some courts have held that the master's right to contribution or indemnity from his servant for the tort of the latter is unaffected by the fact that they have been sued together since the two are not joint tort-feasors. Cases are collected in a note, 59 A.L.R. (2d) 1070. *Granquist v. Crystal Springs Lumber Co.* 190 Miss. 572, 1 So. (2d) (1941), held that the common law rule prohibiting contribution between joint tort-feasors does not apply to a master whose liability for the torts of his servant is based on respondeat superior, for even though the liability is joint and the two may be joined in one action, they are *not* joint tort-feasors. In so holding, the court used the following language:

"The term 'joint tort feasors' means that two or more persons are the joint participants or joint actors, either by omission or commission, in the wrongful production of an injury to a third person. There the act or omission of each is his own act of omission, but the acts or omissions are concurrent in, or contribute to, the production or the wrongful injury, so that each actor is, on his own account, liable for the resulting damages. *But when the liability of a principal for the tort of an agent, or that of the master for the wrong of a servant, has grown out of a tort in which the agent or servant is the sole actor, whence the liability of the principal or master is an imputed or constructive liability and has its sole basis in the doctrine of respondeat superior and in nothing else,*

*the liability is joint and several, but they are not joint tort feasors."* (Emphasis supplied.)

Colorado has chosen to disregard the intent of the parties and give no consideration to the question of whether the injured party has been fully compensated. See *Price v. Baker,* supra. It would work a grave injustice to adopt a rule that master and servant are joint tort-feasors on facts such as those in the present case. The rule as set forth in *Losito v. Kruse,* supra, is consistent with our holdings in analogous matters and is the view we adopt.

Universal Mutual and defendant are not joint tort-feasors and the trial court did not err in declining to dismiss plaintiff's complaint or in failing to grant defendant's motion for a directed verdict. In *Price v. Baker,* supra, the person who paid a consideration and was the beneficiary under the covenant not to sue was a conventional tort-feasor, not one vicariously liable under the doctrine of respondeat superior as in the instant case.

The judgment is affirmed.

MR. JUSTICE DOYLE specially concurs.