No. 21043.

J. C. MENDEZ, INDIVIDUALLY AND D/B/A LITTLE SUPER
MARKET *v.* JOYCE PAVICH.
(412 P.2d 223)

Decided March 21, 1966.

Seraphine & Alexander, for plaintiff in error.

Klingsmith & Russell, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Joyce Pavich slipped and fell while shopping in a grocery market operated by one J. C. Mendez. Based on this occurrence she brought a personal injury action against Mendez, alleging that she had suffered damage as the result of his negligence and the negligence of his employes. Upon trial it developed that Pavich slipped and fell when she stepped into a pool of liquid wax which had been placed on the floor near the cheese counter in the Mendez store by his employe who was then in the process of waxing the floors.

A trial by jury culminated in a verdict in favor of Pavich and against Mendez in the sum of $9,074.14 and judgment to this effect was duly entered. By writ of error Mendez now seeks reversal of this judgment.

The only assignment of error urged in this court relates to the propriety of instruction number eight. This instruction pertains to the issues of contributory negligence and assumption of risk and is based upon certain language used by this court in *King Soopers v. Mitchell,* 140 Colo. 119, 342 P.2d 1006. We note that this is not an instance where the instruction given the jury was one which had theretofore been considered and approved by us. Rather, this is an instance where certain language was taken from our opinion in *King Soopers v. Mitchell, supra,* and then, somewhat out of context, was paraphrased in the aforementioned instruction number eight. We call attention to the fact that

this is a practice fraught with something more than a modicum of peril, and is well-recognized as one of the likelier methods of falling into error in the trial of a case. In this regard, see 88 C.J.S. pp. 888-9, where it is said:

". . . . The language from a judicial opinion divorced from its context is not always appropriate for instructions to a jury in a particular case, even where the facts of the two cases are similar, since such language, isolated from its context, although capable of being understood by members of the legal profession, may not be understood by the layman on the jury. There are many things said in opinions that are sound law, but which nevertheless would be improper instructions to a jury, and, while it may not be improper under some circumstances to change in language similar to that employed by an appellate court in deciding similar propositions, the embodiment in an instruction to the jury of the language used by such court does not necessarily make the instruction correct. . . . ."

With reference to Pavich's slip and fall, there was evidence from which the jury might reasonably infer that Pavich either saw, or should have seen, the pool of wax, it being argued in this regard that the pool of liquid wax was rather "obvious," and that Pavich had some form of "warning" that the floors were being waxed. It was in this factual setting that counsel for Mendez objected to instruction number eight for the announced reason "that the instruction states that even obviousness, warning or knowledge is not enough to find the plaintiff guilty of contributory negligence or assumption of risk."

 Instruction number eight is perhaps somewhat difficult to follow and no doubt would not be considered a model one, particularly as concerns its clarity. However, it should be remembered that in passing upon instruction number eight, we are not sitting as literary critics. Rather, our task is to determine whether in-

struction number eight is erroneous, or so confusing or so misleading as would probably lead a jury into error. See *Daly v. Lininger,* 87 Colo. 401, 288 Pac. 633. In other words, our problem is not whether instruction number eight is a pattern jury instruction — which it is not — but whether the giving of the instruction under the circumstances constitutes error of such proportion as to require a retrial of the matter. In our view the giving of this particular instruction to the jury does not require a reversal of the judgment entered, and hence the judgment must therefore be affirmed.

Mendez' objection to instruction number eight, as we understand it, is that the instruction, in effect, instructs the jury that even though the dangerous condition was obvious to Pavich, or even if she had been warned thereof and had actual knowledge of the pool of liquid wax on the floor in the Mendez store, she was nonetheless free from contributory negligence and deemed not to have assumed any risk whatsoever. We do not so understand this instruction. Rather, as we read the instruction, it states that the presence of any one — or all — of these factors, *i.e.,* obviousness, warning or knowledge, does not *necessarily* establish contributory negligence or assumption of risk and that the issues of contributory negligence and assumption of risk should be resolved, not on the basis of these three factors alone, but only after all of the facts and circumstances of the case have been considered and taken into account.

If instruction number eight were clearly erroneous and patently at odds with other instructions given the jury, such error could not be cured by any reference to other instructions which were given the jury. See *Neilson v. Bowles,* 124 Colo. 274, 236 P.2d 286. But where, as here, the instruction is subject only to the charge of some degree of unclearness, we are in such circumstances permitted to examine the other instructions which were given the jury and which bear on Pavich's conduct, in order to determine whether the jury

was fully and correctly instructed on the issues of contributory negligence and assumption of risk. In this regard the usual and stock instructions on contributory negligence and assumption of risk were given the jury, without objection. And by a separate and further instruction the jury was also instructed that Pavich, as a customer, was "bound to take ordinary and reasonable care for her own safety" and that she was "required to use in the interest of her own safety that degree of care and prudence which a person of ordinary intelligence and prudence would exercise under the same or similar circumstances." Finally, in that same instruction the jury was also informed that Joyce Pavich "must make a reasonable use of her own faculties to observe and avoid dangers upon the premises."

██ Under all these circumstances we are constrained to hold that the giving of instruction number eight does not constitute "reversible error" which would require a second trial of this matter.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE SCHAUER concur.