547 P.2d 263 (1975)
Donald L. DUNHAM and Georgia Dunham, Plaintiffs-Appellants,
v.
Robert KAMPMAN, Defendant-Appellee.
No. 74-593.
Colorado Court of Appeals, Div. II.
December 18, 1975.
Rehearing Denied January 8, 1976.
Certiorari Granted March 15, 1976.
*264 Branney & Griffith, Criswell, Patterson & Ballentine, John A. Criswell, Englewood, for plaintiffs-appellants.
Paul D. Renner, Denver, for defendantappellee.
Selected for Official Publication.
*265 PIERCE, Judge.
Donald and Georgia Dunham appeal from the judgment entered in their action against Robert Kampman for personal injuries suffered in a traffic accident. We affirm in part and reverse in part.
The accident was between an automobile driven by Robert Kampman and a motorcycle driven by Donald Dunham, upon which his wife, Georgia, was a passenger. It occurred shortly after dark on an evening in April 1972. The Kampman car, which had been travelling in an easterly direction, was in the process of turning left at an intersection in order to go north when it was struck on the right rear quarter panel by the Dunham's motorcycle, which was proceeding through the intersection towards the west. Kampman testified that at the time he had commenced turning he had seen no vehicle approaching the intersection, and that the first time he was aware of the Dunham motorcycle was when the impact occurred. Kampman claimed that after he had moved his automobile out of the intersection, he returned to the site of the crash where he found a mangled motorcycle with its lights turned off. Donald Dunham's version of the occurrence was that Kampman had caused the collision by turning directly in front of the motorcycle, which had its lights on, and that he did not have time to apply the brakes prior to impact. Dunham further testified that he turned the lights of the motorcycle off after the crash in order to minimize risk of fire.
Both of the Dunhams presented extensive medical testimony as to the nature and extent of their injuries; Georgia adduced testimony in regard to injuries to her right knee and hip, and Donald presented evidence of injury to his left foot and ankle including testimony pertaining to the amputation of a toe.
The jury's verdict was that Kampman, the defendant, was 1% negligent, and that Donald Dunham was 99% responsible for the accident. The jury assessed Donald's total damages at $3,500, and determined that his wife's damages totalled $4,000. The trial court then ruled that under the comparative negligence statute, § 13-21-111, C.R.S. 1973, Donald was entitled to no recovery and Georgia could only recover 1% of her assessed damages from Kampman. The trial judge then entered judgment in favor of Georgia for $40.
The Dunhams' appeal is based on three contentions: That the jury verdict determining that Donald was 99% negligent was against the manifest weight of the evidence, and thus must be overturned; that the $4,000 verdict was in itself legally inadequate so that Georgia Dunham is entitled to remand for a new trial on the damages issue; and finally, that the trial court erred in reducing Georgia's recovery from $4,000 to $40.

I.
We do not view the jury's apportionment of negligence as having been manifestly against the weight of the evidence. The issue of the percentage of negligence is for the jury's determination, Transamerica Insurance Co. v. Pueblo Gas & Fuel Co., 33 Colo.App. 93, 519 P.2d 1201, and is not to be disturbed in the absence of a clear showing of passion or prejudice. Maloney v. Jussel, 125 Colo. 125, 241 P.2d 862. The jury may have concluded that the theory of the defense was the more credible one, thus believing Kampman's testimony that his car was struck by another vehicle that did not have its lights on and which he reasonably had not seen prior to impact. See Renell v. Argonaut Liquor Co., 148 Colo. 154, 365 P.2d 239, and Bein Farms, Inc. v. Dale, 137 Colo. 424, 326 P.2d 72.
While we probably would not have made the same apportionment of negligence, we may only overturn the jury's allocation where reasonable minds could not have apportioned the negligence of the parties in the manner in which it was done. Transamerica Insurance Co. v. Pueblo Gas & *266 Fuel Co., supra. We therefore affirm the jury's allocation of negligence between Donald Dunham and Kampman.

II.
For similar reasons we reject appellants' contention that the damages verdict as to Georgia Dunham was inadequate as a matter of law. The scope of our review as to this issue is limited to a determination as to whether the jury acted capriciously or arbitrarily, or was swayed by emotion in assessing the damages incurred by Georgia Dunham as a consequence of the accident. Peterson v. Shaffer, 143 Colo. 138, 352 P.2d 281.
Here the verdict exceeded the proof of actual out-of-pocket expenses by several hundred dollars, indicating the jury considered and reasonably compensated for each of the factors included in the damages instruction, such as pain and suffering, disability, and loss of income. We may not set this verdict aside unless it is grossly and manifestly inadequate, or unless the amount awarded had been so small as to indicate that the jury failed to consider the pecuniary loss or was influenced by improper considerations. Cottingham v. Star Bus Line, 152 Colo. 188, 381 P.2d 25; Lehrer v. Lorenzen, 124 Colo. 17, 233 P.2d 382. Under the circumstances of this case, we cannot say, as a matter of law, that the jury's verdict of $4,000 was legally inadequate.

III.
We do agree, however, with the contention that the trial court erred in reducing Georgia's recovery against Kampman from $4,000 to $40. The jury's determination that Kampman was only 1% responsible for the accident and that Donald's culpability was 99% does not operate to limit Georgia's recovery in any manner. Her husband's negligence could not be imputed to her under the circumstances, see Moore v. Skiles, 130 Colo. 191, 274 P.2d 311, and the jury was so instructed; nor was there any contention at trial or on appeal, that she was personally negligent in any other respect. Rather, it is obvious from the record that the trial court reduced her recovery solely on the theory that the jury verdict that Kampman was only 1% at fault for the accident mandated reduction of Georgia's recovery accordingly. That is not the law in Colorado.
The comparative negligence statute is inapplicable where no negligence on the part of the plaintiff can be proven. Powell v. Ouray, 32 Colo.App. 44, 507 P.2d 1101. An innocent plaintiff, such as Georgia, can therefore recover the entirety of the damages suffered from any of the individuals whose negligent acts resulted in a single indivisible injury. Miller v. Singer, 131 Colo. 112, 279 P.2d 846. Such joint tortfeasors are jointly and severally liable, Alden v. Watson, 106 Colo. 103, 102 P.2d 479, and there can be no apportionment of damages between them. Hamm v. Thompson, 143 Colo. 298, 353 P.2d 73. See Bartlett v. Hammond, 76 Colo. 171, 230 P.2d 109. The trial court thereby erred in reducing Georgia Dunham's recovery against Kampman from $4,000 to $40 and we therefore remand with directions that the jury verdict in her favor be reinstated.
One related question must also be resolved: whether submission of a comparative negligence special verdict form as to Georgia, over the contemporaneous objection of counsel, necessitates a new trial on damages. We hold that it does not.
The special verdict form as to Georgia's claim first asked the jury to apportion responsibility for the accident between her husband and Kampman, and then requested the jury to ascertain the damages sustained by Georgia as a result of the accident without regard to the negligence of the parties. Similar special verdict forms were submitted on Donald's claims for personal injury and loss of consortium.
The submission of an instruction based on Georgia's own purported negligence would have been reversible error since there was no evidence supporting negligence *267 on her part. White v. Trinidad, 10 Colo.App. 327, 52 P. 214. See also Rimmer v. Wilson, 42 Colo. 180, 93 P. 1110. The instructions submitted, however, did not ask the jury to consider either her negligence or that of her husband in assessing her damages; rather, the jurors were asked to assess her damages independently of any such negligence.
The question here, then, is whether the submission of the special verdict for Georgia on the form used in comparative negligence cases was so confusing or so misleading as to probably lead a jury into error of such proportion as to require a retrial on the damages issue. See Mendez v. Pavich, 159 Colo. 409, 412 P.2d 223.
We hold that, under the circumstances of this case, the submission of the special verdict form for Georgia, while not recommended, does not require remand for a new trial. The verdict form by its clear terms required assessment of damages without regard to the issue of negligence. The damages determined by the jury, $4,000, cannot be mathematically attributed to its having reduced some other figure in a confused attempt to equitably apportion liability. In this regard, the jury's resolution of the special verdict form submitted for Donald Dunham is material. Even though he was found to have been 99% responsible for the accident, the jury nevertheless, in accordance with the instruction, and in obvious independence of the allocation of the negligence, determined his total damages to be $3,500. In so doing, the jury demonstrated beyond doubt that it was capable of following the procedure set forth in the special verdict forms. Thus, the submission of the special verdict for Georgia was not prejudicial and does not compel a new trial on the issue of damages.
Judgment affirmed in part, reversed in part, and cause remanded with directions to reinstate the jury verdict in favor of Georgia Dunham in its entirety.
ENOCH and KELLY, JJ., concur.