570 P.2d 554 (1977)
David A. STEFANICH, a minor through his father and next friend, Philip Stefanich and Philip Stefanich, Plaintiffs-Appellees,
v.
David MARTINEZ, Defendant-Appellant, and
Fred Vidmar, John Vidmar and Florine Vidmar, Defendants.
No. 76-305.
Colorado Court of Appeals, Div. I.
July 21, 1977.
Rehearing Denied August 18, 1977.
Certiorari Granted October 24, 1977.
Frickey, Cairns & Wylder, P. C., Earl S. Wylder, Denver, for plaintiffs-appellees.
Hansen, Anstine & Hill, Robert W. Hansen, Denver, for defendant-appellant.
COYTE, Judge.
In this tort action, defendant David Martinez appeals the judgment entered on a jury verdict in favor of plaintiff David Stefanich. We affirm.
Plaintiff was injured in a shooting incident occurring in April 1974. He commenced suit against defendant, against the other youth involved in the occurrence, and against that youth's parents. Under a comparative negligence instruction, the jury found plaintiff was 10% negligent, defendant 35% negligent, and the other youth and *555 his parents 20% and 35% negligent, respectively.
Defendant first contends that the trial court erred in refusing to instruct the jury on the doctrine of assumption of risk. In Brown v. Kreuser, Colo.App., 560 P.2d 105 (1977), we held that an instruction concerning assumption of risk should not be given in cases tried under comparative negligence principles. Brown is dispositive of defendant's argument here.
Defendant next maintains that the trial court erred in entering judgment against the defendants jointly and severally rather than apportioning the judgment according to the percentage of fault ascribed to each defendant. We disagree.
Regardless of the principles obtaining in other jurisdictions, e. g., American Motorcycle Ass'n v. Superior Court, 65 Cal. App.3d 694, 135 Cal.Rptr. 497 (1977), Colorado adheres to the common law rule that joint tortfeasors are jointly and severally liable, Dunham v. Kampman, Colo.App., 547 P.2d 263 (1975), aff'd, Kampman v. Dunham, Colo., 560 P.2d 91 (1977), and that no contribution among them is permitted. Ringsby Truck Lines, Inc. v. Bradfield, Colo., 563 P.2d 939 (1977); Hamm v. Thompson, 143 Colo. 298, 353 P.2d 73 (1960); Bradford v. Bendix-Westinghouse Automotive Air Brake Co., 33 Colo.App. 99, 517 P.2d 406 (1973). As our supreme court observed in Ringsby:
"It has not been the policy of this state to distribute the loss between joint tortfeasors according to their degree of fault. This would amount to a form of contribution. Under traditional Colorado law, contribution between joint tortfeasors has not been permitted."
The principle logically obtains even when, as here, the plaintiff is also negligent; and, in this case, we perceive no viable distinction between apportionment and contribution among the joint tortfeasors. In any event plaintiff should not be barred from collecting the full amount of his judgment from any person found to be liable to plaintiff. Accordingly, the trial court did not err in entering judgment against the defendants jointly and severally. And, should the California rule adopted in American Motorcycle Ass'n, supra, be deemed the preferable approach to the joint tortfeasor situation under a comparative negligence system, that decision is not within the province of this court.
Defendant last contends that the verdict is not supported by the evidence. His argument is predicated on the supposition that defendant logically could not have been more negligent than plaintiff, inasmuch as both were acting on the same belief that the pistol causing the injury was unloaded.
However, the record shows that defendant pointed the ostensibly unloaded weapon at plaintiff and pulled the trigger. The jury could reasonably conclude that this act was more negligent than plaintiff's negligence in remaining in the line of fire. Only where reasonable minds could not have arrived at the allocation made by the jury can such determinations be set aside on review. Dunham v. Kampman, supra. The allocation here was not clearly unreasonable.
The judgment is affirmed.
SMITH, J., concurs.
VAN CISE, J., dissents.
VAN CISE, Judge, dissenting:
I agree with the majority that no instruction on assumption of risk was warranted and that the jury's findings of negligence and contributory negligence and the allocation thereof, 10% to the plaintiff, David A. Stefanich, and 90% in different proportions among the various defendants, was supported by the evidence. However, I agree with defendant-appellant Martinez's contention that the common law concept of joint and several liability is basically incompatible with comparative negligence, and that the judgment should have been apportioned according to the percentage of fault *556 ascribed to each defendant.[1] The judgment against Martinez should be reduced to 35/90 of the original judgment with the balance apportioned 20/90 against defendant Fred Vidmar and 35/90 against defendants John and Florine Vidmar (Fred's parents, at whose home the shooting occurred), all in accordance with the jury's findings.
At common law an injured plaintiff could not recover at all if there was some negligence on his part which contributed to his injury. But, if he was free of negligence, every tortfeasor whose negligence was a cause of the injury was, in general, liable for all of the damage even though the negligence attributable to one may have been insignificant in proportion to the negligence of the others. Miller v. Singer, 131 Colo. 112, 279 P.2d 846 (1955); Alden v. Watson, 106 Colo. 103, 102 P.2d 479 (1940); Colorado & Southern Ry. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30 (1923). Furthermore, under these same circumstances, there is no right to contribution between joint tortfeasors, Bradford v. Bendix-Westinghouse Air Brake Co., 33 Colo.App. 99, 517 P.2d 406 (1974), nor can the damages be apportioned among them. See Hamm v. Thompson, 143 Colo. 298, 353 P.2d 73 (1960); Bartlett v. Hammond, 76 Colo. 171, 230 P.2d 109 (1924). Those rules still apply in situations where our comparative negligence statute is inapplicable for lack of any negligence on plaintiff's part, Dunham v. Kampman, Colo.App., 547 P.2d 263 (1975), aff'd, Kampman v. Dunham, Colo., 560 P.2d 91 (1977); Powell v. City of Ouray, 32 Colo. App. 44, 507 P.2d 1101 (1973); see Ringsby Truck Lines, Inc. v. Bradfield, Colo., 563 P.2d 939 (1977); Bradford v. Bendix-Westinghouse Automotive Air Brake Co., supra, or where contributory negligence is immaterial, as in strict liability cases. See Bradford, supra.
However, with the enactment of the comparative negligence statute, § 13-21-111, C.R.S.1973, the instances in which the injured party may recover have been increased in that, even if there was contributory negligence, recovery is not barred if plaintiff's negligence was not as great as the negligence of the defendant. The total damages are merely reduced in proportion to the negligence attributable to the plaintiff. Darnell Photographs, Inc. v. Great American Insurance Co., 33 Colo.App. 256, 519 P.2d 1225 (1974). And, contrary to the majority's reliance on established precedent in this state, neither our legislature nor appellate courts have dealt with the issues involving a contributorily negligent plaintiff and multiple defendants negligent in different degrees. These matters are open for decision on their merits.
Here, assuming that the plaintiffs are entitled in the aggregate to 90% of the total damages found by the jury, the issue for decision is whether each defendant should be legally liable to plaintiffs for the full 90% or whether the extent of each defendant's fault should govern the extent of his liability.
Only a few states have enacted statutes that answer this question. Some of these limit a defendant's obligation to his percentage, while others make each defendant severally liable to the plaintiff for the full amount awarded as damages. Most of those making each defendant fully liable to the plaintiff provide for contribution among the defendants.
The most recent judicial pronouncement on this subject comes from California. In Li v. Yellow Cab Co., 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975), in the face of a statutory contributory negligence doctrine, California judicially adopted *557 "pure" comparative negligence. In applying that decision to the multiple defendant situation, the court in American Motorcycle Ass'n v. Superior Court, 65 Cal.App.3d 694, 135 Cal.Rptr. 497 (1977), held that "[i]n a system where the liability of several defendants concurrently causing an injury is based upon fault, the conclusion is equally irresistible that the extent of the fault of each should govern the extent of liability of each." Where recovery in negligence is now permitted to a plaintiff who is himself negligent, the "rule of comparative negligence dispels any foundation for joint and several liability of concurrent tortfeasors based upon plaintiff's total `innocence'." "[L]iability among concurrent tortfeasors must be apportioned according to their respective degrees of negligence with each liable to the plaintiff only for his proportion."
In 1974, the Seventh Circuit, in Kohr v. Allegheny Airlines, Inc., 504 F.2d 400, judicially adopted comparative negligence and apportionment of liability on the rationale that:
"`There is an obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered on to one alone, according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer, while the latter goes scot free.' Prosser, Law of Torts, § 50 (4th ed. 1971).
"In our judgment the better rule is that of contribution and indemnity on a comparative negligence basis. Under such an approach the trier of fact will determine on a percentage basis the degree of negligent involvement of each party in the collision. The loss will then be distributed in proportion to the allocable concurring fault. . . . On reaching such an amount each party contributes according to his degree of fault."
This rule is consonant with the underlying philosophy of comparative negligence as stated in C. Heft and C. Heft, Comparative Negligence Manual, § 1.10:
"Comparative negligence is a fault concept that apportions liability for damages in proportion to the contribution of each tortfeasor causing the injury or damages. The doctrine in its simplest terms holds that every person is and should be responsible to another to the extent he caused the injury or damage. . . . [I]t is a scheme for the apportionment of damages, and the comparison of negligence or cause is made for the purpose of determining the percentage of responsibility each party shall bear."
The majority here holds that, although we have a comparative negligence statute that apportions negligence, we should still retain the old common law doctrine compelling each negligent defendant to be liable to the negligent plaintiff for the full amount of the judgment, regardless of the jury-determined apportionment of liability. The underlying policy of the statute and of the comparative negligence doctrine is to the contrary. The rule should be that each individual defendant bears his own burden and pays only his proportional share of the total damage suffered by the injured plaintiff.
The judgment should be reversed and the cause remanded to the trial court for apportionment of the judgment consonant with the percentages of negligence set forth in the verdict.
NOTES
[1] Martinez also contends that, if the court does not adopt apportionment of the judgment, at least contribution should be allowed among the defendants according to their relative fault as determined under the comparative negligence statute. However, this was not raised in his new trial motion, there was no cross-claim filed by him against the other defendants, and, until he has paid more than his proportionate share of the judgment (and nothing in the record so indicates), no right to contribution has arisen, if there is such a right. Therefore, contribution is not properly an issue on this appeal.