**Lynn ARMENTROUT and Tina Armentrout, Plaintiffs–Appellants,**

v.

**FMC CORPORATION, a Delaware Corporation, Defendant–Appellee.**

No. 88CA1404.

Colorado Court of Appeals, Div. V.

March 28, 1991.

Rehearing Denied April 25, 1991.

Certiorari Denied Oct. 21, 1991.

Cross–Petition for Certiorari Granted Oct. 21, 1991.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Sampson & Associates, P.C., Carolyn L. Sampson, Christopher B. Dominick, Golden, for plaintiffs-appellants.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Hugh Q. Gottschalk, Denver, for defendant-appellee.

Williams Trine Greenstein & Griffith, P.C., J. Conard Metcalf, Boulder, for amicus curiae Colorado Trial Lawyers Ass'n.

Shook, Hardy & Bacon, Laura D. Stith, Walter L. Cofer, W. Edward Reeves, Kansas City, Mo., for amicus curiae The Product Liability Advisory Council, Inc.

Opinion by Judge NEY.

In this product liability action, plaintiffs, Lynn Armentrout and his wife, Tina Armentrout, appeal the trial court's judgment entered on a jury verdict in favor of defendant, FMC Corporation. We reverse and remand for a new trial.

While working as an oiler, plaintiff Lynn Armentrout was crushed between the stationary truck base and the rotating superstructure of a crane constructed by defendant. Plaintiffs asserted four product liability claims against defendant: strict liability for failure to warn, strict liability for design defect, negligent failure to warn, and negligent design defect. Under each theory, plaintiffs argue that existence of the crane's upper-to-lower "pinch point," where plaintiff was crushed, was a hazard FMC should have warned against or removed by altering the design of the crane.

## I.

■ Plaintiffs assert the trial court erred by its failure to instruct the jury, as requested by them, that the negligence of third persons is not a defense. We agree.

Defendant is correct that the question is whether the instructions sufficiently apprise the jurors of the issues before them and of the legal principles to be applied. *See Stephens v. Koch*, 192 Colo. 531, 561 P.2d 333 (1977). However, we conclude that the trial court's failure here to give the requested instruction did leave the jury inadequately informed of the applicable law and that this omission "constitutes error of such proportion as to require a retrial of the matter." *See Mendez v. Pavich*, 159 Colo. 409, 412 P.2d 223 (1966).

Plaintiffs requested that the jury be instructed, consistent with *CJI–Civ.2d* 9:27 (1980), that the negligence of third persons is not a defense to defendant's negligence. The court refused to give this instruction but instructed that each act or failure to act which contributed to the injury may have been a cause of the injury. *See CJI–Civ.2d* 9:28 (1980).

The Notes on Use to the pattern instruction which was rejected by the trial court provide that this instruction should be given "when there might be a basis for contending that a third person, not a party to the action, was in whole or in part responsible for causing plaintiff's losses." Here, defendant's theory was that plaintiff and his employer and fellow workers, who were not parties to this action, were *wholly* responsible for plaintiff's injuries. Therefore, failure to give the instruction based on *CJI Civ.2d* 9:27 was prejudicial to plaintiffs, requiring reversal.

■ Defendant argues that any error in refusing this instruction was harmless when considered with another instruction which provided that defendant would be liable for plaintiff's injuries if "the defect in [the crane] was a cause of the plaintiff's injuries." We are not persuaded that this one reference in a list of six conditions found in that instruction would sufficiently apprise the jury that the acts of non-parties do not constitute a defense to defendant's negligence.

It should be noted that this action was commenced prior to July 1, 1986, when the statute was changed to provide for apportionment of negligence or fault between defendant and designated non-parties. *See* §§ 13–21–111.5(2) and (3)(b), C.R.S. (1987 Repl.Vol. 6A).

Therefore, we conclude that, under the facts here, it was reversible error to reject plaintiffs' requested instruction based on *CJI–Civ.2d* 9:27 and only give the instruction based on *CJI–Civ.2d* 9:28.

## II.

Plaintiffs also assert that the trial court erred in its exclusion of reports of similar accidents to establish product defect because it determined that such reports constituted inadmissible hearsay. We again agree.

■ Evidence is hearsay if it is "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." CRE 801(c). Thus, the accident reports, when admitted *for the limited purpose of establishing notice* to the manufacturer, do not constitute hearsay.

Use of the reports to establish product defect, however, as desired by plaintiffs, does constitute hearsay. Nevertheless, plaintiffs argue that the accident reports should have been admitted under the business records exception of CRE 803(6) or under the residual exception of CRE 803(24). We agree to the extent that the trial court erred in failing to consider this evidence admissible as a business record. We conclude that *Schmutz v. Bolles*, 800 P.2d 1307 (Colo.1990), which was announced after the trial here, is dispositive of this issue.

In *Schmutz*, our supreme court, in very similar circumstances, concluded that accident reports *may* be admissible as business records under CRE 803(6) and that the trial court must consider accident reports individually and determine whether they quali-

fy for admission under that rule. Hence, on retrial, the trial court should determine the admissibility of the reports under the criteria set out in *Schmutz.*

Relying on *King v. People,* 785 P.2d 596 (Colo.1990), defendant contends that the accident reports are irrelevant and unduly prejudicial and are therefore inadmissible. We agree that, on remand, the trial court must also make an individualized assessment of each report to determine its admissibility in accordance with CRE 401 and CRE 403.

We find plaintiffs' contention that the records maintained by defendant are admissions by a party-opponent under CRE 801(d)(2)(B) to be without merit. We do, however, agree with plaintiffs' contention that first-hand knowledge of similar accidents obtained by defendant's product liability coordinator is not hearsay and may be admitted unless inadmissible on other grounds.

### III.

Because similar issues may be raised on retrial, we address plaintiffs' remaining contentions.

### A.

■ Plaintiffs contend that the trial court erred by erroneously instructing the jury regarding their claim of strict liability for failure to warn adequately of an observable danger by posting appropriate signs. We disagree.

Plaintiffs objected to the instruction given, which was based on *CJI–Civ.2d* 14:20 (1980), and which states:

"A product is defective and unreasonably dangerous if it is not accompanied by sufficient warnings or instructions for use. To be sufficient, such warnings or instructions for use must adequately inform the ordinary user of any specific risk of harm which may be involved in any intended or reasonably expected use.

"However, if a specific risk of harm would be apparent to an ordinary user from the product itself, a warning of or instructions concerning that specific risk of harm is not required."

Plaintiffs assert that the second paragraph of this instruction erroneously excuses a manufacturer from all liability for failure to warn if the risk to be warned against is open and obvious and, further, that that paragraph should be deleted or modified to comply with *Camacho v. Honda Motor Co.,* 741 P.2d 1240 (Colo.1987).

The Notes on Use of *CJI–Civ.2d* 14:20 (1980) acknowledge the effect of *Camacho:*

"Even though a risk may be 'open and obvious,' a product may nonetheless be defective for lack of an adequate warning, *e.g.,* that an option is available for use with, or part of, the product which would make it safer. *Camacho v. Honda Motor Co. Ltd.,* 741 P.2d 1240, n. 9 (Colo.1987), citing *Pust v. Union Supply Co.,* 196 Colo. 162, 583 P.2d 276 (1978). In such cases, appropriate modifications may be required in the second paragraph of this instruction."

However, *Camacho* involved a defect in design which rendered a motorcycle unsafe when the addition of optional leg guards would have provided reasonable and cost-effective protection. In that case, the open and obvious nature of the defect was held not to be a defense to a claim of defective design. We do not find *Camacho* dispositive of the issue here when the defense that the risk of harm is open and obvious is asserted for a claim based on failure to warn.

Moreover, the second paragraph of this instruction is consistent with plaintiffs' position that the specific risk of harm (that of standing in the well of the "luggage carrier" where plaintiff was injured) was not apparent and allowed the jury to conclude that a warning was required, if the evidence so warranted.

We are not persuaded by plaintiffs' contention that the specific language of the instruction misled the jury as to unintended but reasonably foreseeable uses. *See Uptain v. Huntington Lab, Inc.,* 723 P.2d 1322 (Colo.1986).

Therefore, we conclude that the instruction given by the trial court correctly states

the law as to a claim for failure to warn by placement of appropriate signs and was properly given.

### B.

Plaintiffs next contend that the trial court erred in its instruction to the jury regarding their claim of strict liability for defective design. We again disagree.

The jury was instructed that "a product is unreasonably dangerous because of a defect in its design if it creates a risk of harm to persons which is not outweighed by the benefits to be achieved from such design."

■ Plaintiffs assert that once they have proved defect and causation, the manufacturer is required to establish that the product's benefits outweigh its inherent risk and that, therefore, the instruction erroneously places the burden on plaintiffs to prove that the risk outweighs the benefit.

Plaintiffs rely on the risk-benefit test as applied in *Barker v. Lull Engineering Co.*, 20 Cal.3d 413, 143 Cal.Rptr. 225, 573 P.2d 443 (1978), and approved in *Ortho Pharmaceutical Corp. v. Heath*, 722 P.2d 410 (Colo.1986) and *Camacho v. Honda Motor Co., supra.*

However, the law of California, unlike the law of Colorado, does not require an injured person to establish that a product is unreasonably dangerous as a requisite to recovery for injuries in a strict liability design defect contest. *Cronin v. J.B.E. Olson Corp.*, 8 Cal.3d 121, 501 P.2d 1153, 104 Cal.Rptr. 433 (1972).

In *Union Supply Co. v. Pust*, 196 Colo. 162, 583 P.2d 276 (1978), our supreme court rejected the *Cronin* rationale. *Union Supply* requires a party who seeks recovery on the basis of an alleged defective product to establish that the product is unreasonably dangerous.

■ Therefore, under Colorado law, as distinguished from California law, to support a claim of strict liability for design defect a plaintiff must prove that a product is unreasonably dangerous. Such proof necessarily encompasses the requirement that the risk outweighs the benefit. To require a plaintiff to prove that a design creates an unreasonable risk of harm appropriately places reasonable limits on the potential liability of manufacturers. *See Camacho, supra.*

Thus, we conclude that the instruction given correctly states applicable law.

### C.

Plaintiffs also contend that the jurors were misled by the failure to include in their instructions an appropriate definition of the term "defective."

■ It is the law in Colorado that if a product's *design* is unreasonably dangerous, then the product is defective. *Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo. 1983). Plaintiffs contend that this is not the commonly accepted meaning of "defective" as "imperfect" or "incomplete."

We agree that it is necessary for the jury to understand properly the specific concept of "defective" as it applies in the context of a product liability action. Here, the terms "defect" and "defective" were used in this context during the three-week trial many times, and the record supports the conclusion that the appropriate meaning of the term in a product liability action was made amply clear. Consequently, absence of a separate definition in this case would not have required a retrial. However, because the term "defective" is not used in its common meaning, the jury should, on retrial, be instructed that a product may be defective if its design results in an unreasonably dangerous condition.

### D.

Plaintiffs next assert that the court erred by instructing the jury on misuse. We disagree.

The jury instruction, based on *CJI-Civ.2d* 14:22 (1980), stated:

"A manufacturer of a product is not legally responsible for injuries caused by a product if: (1) the product is used in a manner or for a purpose other than that which was intended and which could not reasonably have been expected by the

manufacturer; and (2) such use rather than a defect, if any, in the product caused the plaintiffs' claimed injuries.

■ Plaintiffs argue that the comparative fault section of the damages statute, § 13–21–406(1), C.R.S. (1987 Repl.Vol. 6A), is applicable to their strict liability claims. They assert that the instruction at issue here erroneously converts the statutory concept of comparative fault to a recovery bar, rather than a damage diminution remedy.

*States v. R.D. Werner, Inc.*, 799 P.2d 427 (Colo.App.1990) is dispositive. The *States* court concluded that § 13–21–406 applies to reduce a plaintiff's recovery by the percentage of fault attributable to his conduct *after* a product has been found to be defective, and because the instruction given concerned an issue of causation, it was not erroneous. Therefore, we conclude that the instruction at issue was not erroneous.

Plaintiffs also assert that the alleged misuse was foreseeable by defendant, and thus, any instruction of misuse constitutes error.

■ Misuse is a defense to a product liability action under the doctrine of strict liability, but only if the misuse is unforeseeable by the manufacturer. *Uptain v. Huntington Lab, Inc., supra.* And, an instruction on the misuse defense should be given only if there is evidence that the defendant could not foresee the possibility of misuse. Sufficient competent evidence is required. *Farrell v. Klein Tools, Inc.*, 866 F.2d 1294 (10th Cir.1989).

Because the record contains evidence that such misuse may have been unforeseeable by the defendant, the court did not err in submitting the instruction to the jury. *See Schmutz v. Bolles, supra; Nelson v. Caterpillar Tractor Co.*, 694 P.2d 867 (Colo.App.1984). However, on retrial, the jurors must be instructed that unless they determine that the misuse was unforeseeable, that misuse may not be considered as a defense.

### E.

Plaintiffs further contend that the trial court erred by admitting irrelevant evidence of the fault of third persons. We disagree.

Over plaintiffs' objections, the trial court admitted into evidence the following Occupational Safety and Health Act (OSHA) regulation:

"Accessible areas within the swing radius of the rear of the rotating superstructure of the crane, either permanently or temporarily mounted, shall be barricaded in such a manner as to prevent an employee from becoming struck or crushed by the crane." 29 C.F.R. § 1926.550(a)(9) (1990).

Plaintiffs argue that the barricades are not designed to keep oilers outside the barricaded area and, thus, to allow the jury to hear this OSHA directive, which was violated by the employer, was prejudicial and irrelevant to the issues of defendant's strict liability or negligence. Plaintiffs requested that the court instruct the jury that the barricades are not directed to the oiler, who must have access to the crane, but rather to the employer, who was not a party, and that the evidence be considered only on the limited issue of notice of the hazard.

We are unpersuaded that the instruction requested by plaintiffs differs significantly from that given by the trial court.

■ Plaintiffs also contend that evidence of the lack of barricades had no connection with the accident and was thus inadmissible under CRE 404(b) as evidence of other wrongs. Here this evidence was not admitted for the purpose of showing that plaintiff acted negligently on other occasions, as plaintiffs contend, but rather in support of defendant's theory that negligence by plaintiff and others, not the defendant, was the sole cause of this accident.

Similarly, plaintiffs object to the admission of evidence of fault of the crane operator. Plaintiffs contend that the conduct of third persons, not parties to the action, is irrelevant to the issue of causation, and

they correctly state that the focus in a products liability action is on the product and the product's impact on the injured plaintiff. *Union Supply v. Pust, supra.*

 Nevertheless, if, as defendant contends, conduct of the third parties and not the defendant caused the damages, that conduct is not irrelevant, and defendant must be allowed to present the evidence which supports its claim. Hence, we perceive no abuse of the trial court's discretion in admitting this evidence. However, on retrial, the jury must be instructed that if defendant is found to be negligent, the fact that third parties were also negligent is not a defense to defendant's conduct.

The judgment is reversed, and the cause is remanded for a new trial.

PLANK and HUME, JJ., concur.